# IN THE MATTER OF THE APPLICATION OF THE SPRING VALLEY WATER WORKS.

THE "Spring Valley Water Works" petitioned the County Judge of San Mateo county, under the Act of 1858 (Statutes 1858, 218) to appoint commissioners to appraise the value of certain lands "required for the purposes of the company," and the Judge, upon an inspection of the articles of incorporation, held that the company was not a corporation, because the articles did not show "where the principal place of business of the company is to be located"—the articles stating simply that San Francisco was the place of business—and dismissed the application and all proceedings based thereon. The company apply to the Supreme Court for a *certiorari*: *Held*, that the writ does not lie; that the dismissal of the petition for the cause assigned is not an excess of jurisdiction under the Act of 1858, and that mandamus from the District Court is the proper remedy.

*Held, further*, that the failure to describe the place of business of the corporation, "as the principal place of business," is a mere technical error, which does not invalidate the charter.

APPLICATION to the Supreme Court for a *certiorari* to the County Judge.

The corporation called the "Spring Valley Water Works," having given the notice to the owners of the land as required by the Act of 1858, 218, applied by petition to the County Judge of San Mateo county, to appoint commissioners to appraise the value of certain lands "required for the purposes of the company." The owners of the land appeared and contested the application, and

argued that the company was not a legal corporation, because their articles of incorporation did not show " where the principal place of business of the company is to be located."   The County Judge sustained this position, and dismissed the petition and all proceedings based thereon.

The company applied to this Court for a *certiorari* to compel the County Judge to send up the proceedings.

*S. W. Holladay*, for the Writ.

I.  *Certiorari* is the proper remedy, there being no appeal, nor any other plain, speedy and adequate remedy.

There is no appeal provided for.   Section two of " An act for Incorporation of Water Companies," approved April 22d, 1858, (Statutes 1858, 218) provides that " such proceedings shall be had before the County Judge of the county in which such lands or waters, or both, may be situated ;" and for " the mode of proceedings to appropriate and take possession of such lands," etc., this section refers to sections twenty-seven, twenty-eight and twenty-nine of the " Act to provide for the Incorporation of Railroad Companies," approved April 22d, 1853 (Comp. Laws, 255).   The twenty-seventh section of this act directs corporations who desire to condemn lands, to apply by petition to the Judge of the District Court of the county, who, after the proper steps have been taken, " shall by an entry in his minutes appoint five commissioners," etc.

" The commissioners shall ascertain (in a certain prescribed mode) and certify the compensation proper to be made to the said owners," etc.

The commissioners shall " make, subscribe and file with the Clerk of the county, a certificate of said ascertainment and assessment," with a description of the property.   " Either party aggrieved by the decision of the commissioners, may appeal to the Supreme Court, as in other cases tried before the District Court."

No appeal is provided for or contemplated in either of these acts, from the rulings and proceedings of the District Judge or County Judge ; but the appeal lies to the Supreme Court from the " decision of the commissioners " only.   The action of the Judge or Court upon such petition is the exercise of " judicial functions,"

and there is no remedy to review the errors of the Judge or Court in these cases except *certiorari*.    (Prac. Act, sec. 455, *et seq.*)

The County Judge exceeded his jurisdiction.    But by the common law this writ is not limited to cases of excess of jurisdiction. (Bac. Ab. Certiorari; *Niblo* v. *Post*, 25 Wend. 280.)    And our statute does not take away the common law right.    (*Stiles & Davis* v. *Laird*, 5 Cal. 120.)

We could not apply to the District Court, because the proceeding before the County Judge was an original proceeding, and that Court has no appellate jurisdiction.

II. Petitioners are a duly incorporated company, notwithstanding the variance between the phraseology employed in the articles of incorporation and that prescribed in the statute, as both are the same in substance; but if the variation were substantial, the existence of the corporation could only be questioned by the State, and not in this collateral way.

(*Mokelumne Hill Canal & Mining Co.* v. *Woodbury* [No. 2449] 14 Cal. 424.)

*Charles N. Fox, contra.*

I. This is not the proper remedy.    There can be no remedy by *certiorari* where there has been no excess of jurisdiction.    (Prac. Act, sec. 456; 7 Cal. 244; 14 Id. 479.)    And there has been no excess of jurisdiction here.    Where there is no jurisdiction to hear and determine a case, there can be no excess of jurisdiction in dismissing it, whatever reason may be given for such dismissal.    Had the County Judge any jurisdiction to hear and determine that case at all?    We admit the Legislature have attempted, in the act referred to by petitioners, to give such jurisdiction, but we say that this attempt was unconstitutional.

By Art. VI of the Constitution, the whole judicial power of the State is disposed of, and no where is any such power vested in any individual or officer, except in Justices of the Peace.    In all other cases it is vested in the Court and not in the officer.    It is true that section eight of the same article, after prescribing what Courts shall be held by the County Judge, provides that " he shall perform such duties as shall be required by law."    Under this provision the

Legislature has, at different times, required of this officer various duties of a ministerial nature ; but it would be carrying the rule of liberal construction too far—farther than it has ever yet been carried—to say that this provision authorizes the Legislature to confer upon the County Judge, as distinguished from and independent of his Court, any judicial power whatever.

If, then, the proceeding which petitioners now ask your honors to review, was one requiring the exercise of "judicial functions," and was instituted before the County Judge as such, and not in any Court over which he presided (and these are facts conceded by petitioners) we claim that such Judge never had any jurisdiction over the case—that there could be no excess of jurisdiction in dismissing the proceeding—and being no excess of jurisdiction, there can be no remedy by *certiorari* or review.

Again : if the Judge had jurisdiction to hear and determine the case, and there was error in holding that petitioners were not a legal corporation, and for this reason dismissing it, it was an error in the exercise of jurisdiction, and not an exceeding of his jurisdiction ; and for the correction of this error, appeal instead of *certiorari* is the remedy.   (*Coulter* v. *Stark*, 7 Cal. 244.)

II. This is not the proper tribunal to which to apply for this writ. The Supreme Court has no original jurisdiction except to issue *habeas corpus.*   (Const. art. 6.)   The District Court could issue *certiorari* to County Judge.   (*Chard* v. *Harrison*, 7 Cal. 113 ; 8 Id. 58.)

III. Petitioners are not a legal corporation under the statute, and therefore the decision of the County Judge was correct.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This was an application for a *certiorari* to the County Judge of San Mateo county to bring before the Court certain proceedings touching the condemnation of certain lands to the purposes of the corporation.

We think the remedy sought by the petitioner is not a proper one.   The dismissal of the petition for the cause assigned is not

an excess of the jurisdiction of the County Judge, in the exercise of the special powers given him by the Act of 1858 (Statutes of 1858, 218). It seems that the County Judge acts in such cases by virtue of certain specified statutory directions. Commissioners are to be appointed by him, upon proof of notice to parties interested, and of the regularity of the proceedings taken, etc. The course of these proceedings is given, and is very simple. It seems that the Judge has no control over the judgment or award of the Commissioners so appointed, but an appeal is given directly from their action. These *preliminary* proceedings of the Judge seem to be merely ministerial. The acts of a Clerk or Sheriff are frequently as much judicial as these required acts of the Judge ; for they involve discretion as to the regularity or effect of precedent acts—as affidavits, the construction of orders, service of papers, etc.

The discretion given to the Judge, therefore, to determine the regularity of the preliminary proceedings, the course of these proceedings being given, does not make the Judge a judicial officer in this respect in that sense which protects him from the process of *mandamus* to compel him to obey the direction of the statute.

The objections to the proceedings and their dismissal because the certificate of incorporation was defective, is without any foundation. The failure to describe the place of business of the corporation as the " principal place of business," was a mere technical error, which did not avoid the act. The charter could not be held void on any such ground. The statement that San Francisco was *the* place of business, would seem to imply that it was not only the principal, but the only place of business. Probably these intimations will be sufficient to induce the County Judge to proceed to the execution of his duties under the law ; if not, the petitioner can proceed by *mandamus* in the District Court.

As this remedy is plain and unembarrassed, we cannot grant a writ of *certiorari* as prayed for, if we could in any event.