(December 10, 1891.)

## STATE EX REL. J. T. HOLCOMB v. INHABITANTS OF TOWN OF POCATELLO.

### [28 Pac. 411.]

MUNICIPAL CORPORATION—ORGANIZATION BY BOARD OF COUNTY COM-- MISSIONERS.—Under section 2224 of the Revised Statutes of Idaho,. 1887, the board of county commissioners of Bingham county in- corporated the town of Pocatello, but failed to designate the metes and bounds of said town in the body of the order incorpo-. rating said town, but referred to the petition and granted the petitioner's prayer therein contained, without change or modifica- tion. Held, that as the recital in the order of the board referred to the petition as a basis for such order, and that the metes and bounds were sufficiently explicit in said petition, that said peti- tion was regarded as a part of the proceedings of said board, and consequently considered *in pari materia.*

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

George H. Gorman and Hawley & Reeves, for Appellant.

Where the meaning of a statute is plain, it is the duty of the courts to enforce it according to its terms. (Broom's Legal Maxims, ed. 1864, 415; *Mill Co. v. Muxlow,* 115 N. Y. 170, 21 N. E. 1048; *Thornley v. United States,* 113 U. S. 310, 5 Sup. Ct. Rep: 491; *Poor v. Considine,* 6 Wall. 458.) Where the statute provides that an application for incorporation must be signed within a certain time preceding its presentation, the record must affirmatively show that this was done. (*In re Osborne,* 101 Pa. St. 284.) The right to enjoy the franchise of a municipal corporation depends upon a compliance with the provisions of the statute creating it, and until those provisions are complied with no municipal corporation can exist. (*People v. City of Riverside,* 66 Cal. 288, 5 Pac. 350; *State v. Young,* 4 Iowa, 561; *State v. Ocean Beach,* 48 N. J. L. 375, 5 Atl. 142; *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465.) All stat- utory provisions relating to the incorporation of towns must be strictly complied with. (*Haynes v. Washington Co.,* 19 Ill. 66; *Stephens v. People,* 89 Ill. 337.) A party will not be allowed

to try his case on one theory in the trial court and then spring a fresh theory on his adversary in this court. (*Bray v. Seligman,* 75 Mo. 31-40; *Harrington v. Minor,* 80 Mo. 270; *Dillard v. Thornton,* 29 Gratt. 392.) A party to a judgment who has not appealed will not be heard to allege errors in this court. (*Poppe v. Athearn,* 42 Cal. 606; *Dougherty v. Henarie,* 47 Cal. 9.)

Smith & Smith and T. M. Stewart, for Respondent.

*Quo warranto* will not be entertained upon the relation of merely a private citizen without interest in the controversy, even though leave of the court be first sought for that purpose. (*Commonwealth v. Allegheny Bridge Co.,* 20 Pa. St. 185; *Murphy v. Farmers' Bank,* 20 Pa. St. 415; *Commonwealth v. Railway Co.,* 20 Pa. St. 518; Dillon on Municipal Corporations, secs. 898, 899; *People v. North Chicago Ry. Co.,* 88 Ill. 537; *Commonwealth v. Union etc. Ins. Co.,* 5 Mass. 230, 4 Am. Dec. 50; *Rice v. Bank,* 126 Mass. 304.) A substantial compliance with the statute is all that is required. (*In re Spring Val. Water Works,* 17 Cal. 132; *Water Works v. San Francisco,* 22 Cal. 434; *People v. Stockton & V. R. Co.,* 45 Cal. 313, 13 Am. Rep. 178.)

SULLIVAN, C. J.—This is an action, in the nature of *quo warranto,* brought in the name of the state by S. C. Winters, district attorney of the fifth judicial district of the state of Idaho, on the relation of J. T. Holcomb, for the purpose of having declared void the charter, and to forfeit the franchises, of the municipal corporation known and designated as the "Inhabitants of the Town of Pocatello." The action is brought under section 4612 of the Revised Statutes of Idaho. The facts as shown by the record are substantially as follows: On the eighteenth day of March, 1891, the relator, J. T. Holcomb, addressed his verified petition to S. C. Winters, district attorney of the fifth judicial district of this state, alleging that the said relator resides in the town of Pocatello, Bingham county, Idaho, and that he is engaged in the business of retailing spirituous, vinous, and malt liquors and cigars, and has been in said business. The complaint alleges that the inhabitants of the town of Pocatello, in Bingham county, state of Idaho (under

the name of the "Inhabitants of Pocatello"), have since the twenty-third day of April, 1889, used and exercised all the liberties, privileges, and franchises that an incorporated town or village may use and exercise, under and by virtue of the provisions of section 2230 of the Revised Statutes of Idaho, without any right or authority so to do, to the great damage and prejudice of the state of Idaho and of the relator; that the relator is a resident and taxpayer of said town; and prays that the defendant be excluded from all corporate rights, privileges, liberties, and franchises, and that defendant be adjudged not to be a corporation. The answer denies the allegations of the complaint, and for a further defense alleges substantially that the town of Pocatello had been duly incorporated on the twenty-third day of April, 1889, by reason of a compliance with the terms and conditions of section 2224 of the Revised Statutes of Idaho, particularly setting out just what had been done thereunder. A general demurrer was interposed to said answer, and overruled by the court. Thereafter the facts were agreed to by the parties, and the case submitted to the court for decision, upon the pleadings and stipulation of facts. Judgment was rendered in favor of the defendant, from which judgment this appeal was taken, and a reversal of said judgment is demanded, and the appellant specifies two errors therefor.

The first error specified is as follows: "In overruling the demurrer to the answer." The demurrer raises the question as to whether the answer states facts sufficient to constitute a defense. In other words, the appellant contends that the facts stated in the answer do not show a legal incorporation of said town by the board of county commissioners, under the provisions of said section 2224 of the Revised Statutes of Idaho. Said section provides as follows: "When a majority of the taxable male inhabitants of any town or village within its territory present a petition to the board of county commissioners of the county of which said town or village is situated, setting forth the metes and bounds of their town or village, together with the adjacent bounds, in all not exceeding six miles square, which they desire to include therein, and praying that they may be incorporated, and police established for their local govern-

ment, and the county commissioners are satisfied that a majority of the taxable male inhabitants of such town or village have signed such petition, and that the prayer of the petitioners is reasonable, the board of county commissioners may declare such town or village incorporated, designating in such order the metes and bounds thereof." The answer, after denying generally and specifically every allegation of the complaint, alleges as a separate defense as follows: (1) That at the regular April (1889) meeting of the board of county commissioners of Bingham county a petition was filed and presented to said board of county commissioners, signed by one hundred and sixty-nine citizens, residents and taxpayers of the town of Pocatello, praying, among other things, that said town of Pocatello be incorporated, said petition being in words and figures as follows, to wit: "To the honorable board of county commissioners of the county of Bingham, in the territory of Idaho: The undersigned, your petitioners, respectfully represent to your honorable body that they are residents of the town of Pocatello. That the town of Pocatello is situated in the county of Bingham, territory of Idaho. That your petitioners constitute a majority of the taxable male inhabitants of said town of Pocatello. That said town is situated within the following boundaries, that is to say: All in township six south, of range thirty-four (34) east, of Boise meridian, to wit, west one-half section twenty-five (25), all of section twenty-six (26), east one-half of section twenty-seven (27), northwest quarter of section thirty-six (36), north one-half of section thirty-five (35), northeast quarter of southwest quarter section thirty-five (35), northeast quarter of northeast quarter of section thirty-four (34), in all not exceeding six miles square. And your petitioners pray that they may be incorporated and police established for their local government, and that from thenceforth they may be a body politic and corporate, by the name and style of the 'Inhabitants of the Town of Pocatello,' with all powers, rights, and privileges of incorporated towns and villages, as is contemplated, and in such cases especially provided, by the laws of the territory of Idaho, 1887, Revised Statutes thereof"; and signed by one hundred and sixty-nine residents and taxpayers of said town of Pocatello. And the

answer further alleges facts showing a substantial compliance by the board of county commissioners with the provisions of said section 2224 in the incorporation of said town. The overruling of the demurrer was not error.

The second specification of error is as follows: "In entering judgment against appellant upon the agreed statement of fact submitted." The facts agreed to are substantially as follows: That the relator, J. T. Holcomb, was a resident and taxpayer of the town of Pocatello during all the times mentioned in the pleadings. That the affirmative allegations of the answer, relating to the petition of a majority of the taxable residents of the town of Pocatello, asking that said town be incorporated under the general statutes of Idaho, and the orders of the board of county commissioners in regard thereto, were true. That the meeting of the board at the time said petition was presented was a regular meeting of said board, and that the minutes of said meeting were not signed by the chairman or clerk. That the minutes of the adjourned meeting referred to in the answer were signed by the chairman of said board, and that said meeting was an adjourned meeting. It will be observed that the petition required by said section 2224 was presented to the board of county commissioners at the regular April (1889) meeting. That on the thirteenth day of April, 1889, said board adjourned their said regular meeting until the twenty-ninth day of April, 1889, for the purpose, among others, of considering said petition. The record made on the twenty-ninth day of April, 1889, clearly indicates that the said board had satisfied themselves that the said petition had been signed by a majority of the taxable male inhabitants of said town, and likewise had satisfied themselves that the prayer of the petitioners was reasonable, thus complying with the statute in those requirements. The record does not show what steps were taken to satisfy the board that the requisite number of the taxable male inhabitants had signed said petition, and that the prayer of the petition was reasonable, but the action of the board in granting the petition conclusively shows that said board complied with said two requirements, to wit, had satisfied themselves that the required number of persons had signed said petition, and that their prayer was reasonable.

This brings us to the controlling contention of appellant in this case, which is that said town was not legally incorporated, for the reason that the order of the board of commissioners declaring said town incorporated failed to designate the metes and bounds thereof. The provision of said section 2224 is as follows upon that point: "The board of county commissioners may declare such town or village incorporated, designating in such order the metes and bounds thereof." The reason of this provision is obvious. The boundaries of a municipality must be fixed and certain, in order that all may know the scope or section of country embraced within the corporate limits, and over which the municipality has jurisdiction. The statute requires the board to fix the boundaries of the municipality created by them under said act. In case the boundaries are clearly designated in the petition, and the board by its order refers to such petition, and grants it, without any change or modification, it is a sufficient compliance with said provision of the statute. Certainly, no one will seriously contend that the boundaries of said town are not set forth in the petition, so that they may be readily traced and easily ascertained therefrom. We are of the opinion that the recital in the order of the board referring to the petition is sufficiently explicit to warrant us in regarding the petition as a part of the proceedings, and may consequently be considered *in pari materia.* (*People v. Carpenter,* 24 N. Y. 86.) We think there was a substantial compliance with the statute, and that is all that is required. (*People v. Railroad Co.,* 45 Cal. 306, 13 Am. Rep. 178; *Waterworks v. San Francisco,* 22 Cal. 440; *In re Waterworks,* 17 Cal. 132.) In the case of *Commonwealth v. Halstead* (Pa. Sup.), 7 Atl. 221, there was a variance in the boundaries, as given in the petition and draft, or plat on file, and the court says: "It appears, as set forth in the eighth assignment, that an error exists in the petition and decree. The description of the boundaries there given is at variance with the draft or plat on file. The proper distances of the sixth boundary line and the bearings of the seventh are omitted. This is manifestly a mere blunder, and might, perhaps, upon proper showing, be amendable here"; thus holding that amendment of description may

be made. The appellant insists on a strict construction of said section of the statute. Section 4 of the Revised Statutes of Idaho, among other provisions, provides that "the Revised Statutes establish the law of this state respecting the subjects to which they relate, and their provisions, and all proceedings under them, are to be liberally construed, with a view to effect their objects and to promote justice." The proceedings of the board of county commissioners, under the statute, in the incorporation of said town, are commanded by said section 4 to be liberally construed with a view to effect the intended object. The said town was incorporated on the twenty-ninth day of April, 1889, and used and exercised the liberties, privileges, and franchises which it was authorized to use and exercise under the laws of Idaho, without question, until the commencement of this suit, on March 24, 1891. Thus for nearly two years the legality of said corporation was not questioned. No appeal was taken from the order of the board incorporating said town. The grievance of the relator is that said municipality insisted on taxing him $100 per month for retailing cigars and spirituous liquors within the boundaries of said municipality. Charters of municipal corporations, which have for their objects the protection of the lives and property of the people, in densely populated districts, should not be overturned and set at naught except for very grave reasons. The corporate existence of such municipalities should be maintained, if possible. The judgment of the court below is affirmed, with costs.

Morgan and Huston, JJ., concur.