# CASES ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

#### OF THE

## STATE OF IDAHO.

---

(June 8, 1896.)

### STATE EX REL. HAYS v. STEUNENBERG.

[45 Pac. 462.]

CONSTITUTIONAL LAW—MUNICIPAL CORPORATION.—Under the provisions of section 1, article 12, of the constitution of Idaho, the legislature may pass general laws for the incorporation, organization, and classification of cities and towns in proportion to the population, and such general laws may be altered, amended or repealed by general laws.

SAME—HOW TOWNS MAY INCORPORATE.—The latter part of said section points out a means by which towns that were incorporated prior to the adoption of the constitution may become organized under such general laws. Under that provision the inhabitants of a town may express their intention to and become organized as a city of the second class by complying with the provisions of an act entitled "An act to provide for the organization, government, and powers of cities and villages." (See Sess. Laws 1893, p. 97.)
(Syllabus by the court.)

APPEAL from District Court, Canyon County.

John C. Rice, for Appellants.

Municipal corporations are the creatures of the state, agencies of the state, over which the power of the legislature is supreme and transcendent; the state has power to amend their charters, enlarge or diminish their powers, change their boundaries, or abolish them altogether. Limitation upon legislative power must be found in the constitution of the state alone. (Cooley's Constitutional Limitations, 228; 1 Dillon on Municipal Corporations, sec. 54; *Wright v. Kelley,* 4 Idaho, 624, 43

Pac. 565; *Meriwether v. Garret,* 102 U. S. 472.) The charter of a municipal corporation is in no sense a contract between the state and the corporation. (1 Dillon on Municipal Corporations, sec. 54.) Under our system of government, the state legislature is intrusted with the general authority to make laws, subject only to constitutional limitations. (Cooley's Constitutional Limitations, 104.) It is with great reluctance that courts will declare an act of the legislature unconstitutional. (*Commissioners of Cherokee Co. v. State,* 36 Kan. 337, 13 Pac. 558.) In this case there are special reasons why the court should hesitate to declare the statute in question void. The law has been in operation more than three years unquestioned. Many cities and towns in the state, as Caldwell has done, have revised their ordinances, and shaped themselves so as to conform to this law. In doing so they have followed the advice of this court in the case of *Hampton v. Dilley,* 3 Idaho, 427, 31 Pac. 807. Nowhere in our constitution is there any express provision in conflict with the law. (Const., art. 12, sec. 1.) The state loses the right to question legality of corporate existence by long acquiescence in its exercise of corporate franchises, and by its own recognition of such corporation by dealing with its officers as such officers. (Cooley's Constitutional Limitations, 310, and cases cited; 1 Dillon on Municipal Corporations, sec. 43, and cases cited in note.)

George M. Parsons, Attorney General, for Respondent.

No brief found on file.

SULLIVAN, J.—This action is brought by the state to test the validity of the incorporation of the city of Caldwell, Canyon county, and to oust the defendants from exercising certain official functions as officers of said city. The complaint alleges the board of county commissioners duly incorporated the town of Caldwell on the fifteenth day of January, 1890, under and by virtue of the provisions of title 13, page 289, of the Revised Statutes of Idaho; that a regular municipal election was held in said town on April 4, 1892, and officers of said town elected; that on the ninth day of March, 1893, the trustees elected as aforesaid divided the said town of Caldwell into three wards, under the provisions of an act of the legislature approved

March 4, 1893, and thereafter gave due and legal notice of an election to be held for the election of the necessary officers of a city of the second class as specified in said act of the legislature, and that officers were duly elected and entered upon their respective duties; that another city election was held on the second day of April, 1895, in conformity with the provisions of said act, and certain officers were then elected to supersede certain officers theretofore elected as aforesaid, and duly entered upon their duties as such officers; that the question of becoming organized as a city of the second class was never submitted to the electors of said town of Caldwell—and demands judgment that defendants are not entitled to said offices, and that they be ousted therefrom, and that the trustees, police magistrate and treasurer, who were acting as officers of said town at the time of the election of city officers first above mentioned, and who at that time were superseded by the officers so elected, be declared to be entitled to such offices and put in possession of the same, and that said city of Caldwell be declared to have no existence as a city. A demurrer to the complaint was interposed on the ground that it did not state a cause of action, and overruled by the court. The defendants refused to answer, and judgment was entered in favor of the plaintiff. This appeal is from the judgment.

The question for determination is, By what means can a town, having the requisite population, which had been incorporated under the general laws of Idaho prior to the adoption of the constitution and the admission of Idaho as a state, organize as a city of the second class under the provisions of the constitution and the act of the legislature entitled "An act to provide for the organization, government and powers of cities and villages," approved March 4, 1893? (See Sess. Laws 1893, p. 97.) Section 1, article 12, of the constitution of Idaho is as follows: "The legislature shall provide by general laws for the incorporation, organization and classification, of the cities and towns, in proportion to the population, which laws may be altered, amended, or repealed by the general laws. Cities and towns heretofore incorporated may become organized under such general laws whenever a majority of the electors at a general election shall so determine, under such provision therefor as may

be made by the legislature." The first part of said section clearly indicates that towns may be organized into cities by general laws. In other words, power is directly given by said section to the legislature to enact general laws for the incorporation of cities, towns and villages, and to alter, amend or repeal such laws at any time when in the opinion of the legislature, it may be necessary or proper to do so. And this is the doctrine laid down in similar cases by many courts of last resort and text-writers. In *Meriwether v. Garrett,* 102 U. S. 472, the court says: "Municipal corporations are mere instrumentalities of the state for the more convenient administration of local government. Their powers are such as the legislature may confer, and these may be enlarged, abridged, or entirely withdrawn at pleasure. This is common learning, found in all adjudications on the subject of municipal bodies, and repeated by text-writers." (See, also, 1 Dillon on Municipal Corporations, secs. 44, 54; *Wright v. Kelly,* 4 Idaho, 624, 43 Pac. 565.) The authorities hold that the legislature has power to amend the charters of municipal corporations, may enlarge or diminish their powers, change their boundaries, or create or abolish them. The latter part of said section of the constitution points out a means by which towns or villages which had been incorporated prior to the adoption of the constitution may become organized into cities under such general laws; that is, whenever a majority of the electors, at a general election held for that purpose, so indicate by their votes. In compliance with the provisions of said section of the constitution, the legislature passed the act above referred to. Under the provisions of section 6 of that law the people of said town have proceeded to elect a mayor, city council, and all city officers, in order to complete a city organization. It is clear from the reading of said section of the constitution that the intention was to grant to towns theretofore incorporated the right to organize under any general laws passed by the legislature in pursuance of said section upon a majority vote of the legal electors of such town at a general election thereof. I think the intention to so organize may be shown by complying with the provisions of said act passed in pursuance of said section by dividing the town

Opinion of the Court—Sullivan, J.

into wards, and holding a general election of such town for the election of city officers and electing them, and also in complying with all of the provisions of said act. The electors may then show their intention by a majority vote to organize under the general law, and that is all that the constitution requires. The inhabitants of the city of Caldwell have indicated by their votes that they desired to organize and become incorporated as a city of the second class in the only way provided by the legislature; that is, by the election of a mayor, common council, and all city officers. This action has been acquiesced in by the voice of the people expressed in two elections covering a period of over three years. The old trustees of the town called the first election referred to, and on the election of the city officers voluntarily turned the offices over to the newly elected city officers. The people of the city have acquiesced in that proceeding for the period above mentioned. New duties and obligations have been assumed by said corporation, so formed into a city of the second class. This acquiescence is clearly indicated by the fact that sections 40 and 53 of the act above referred to point out the means by which the people of the city could return at any time to a village or town organization, and no citizen or taxpayer has indicated a desire to do so, and the further fact that no suit until the one at bar was brought to test said matter, although said city organization was perfected over three years ago. This court held in *State v. Inhabitants of Town of Pocatello,* 3 Idaho, 174, 28 Pac. 411, that: "Charters of municipal corporations, which have for their object the protection of the lives and property of the people in densely populated districts, should not be overturned and set at naught, except for very grave reasons. The corporate existence of such municipalities should be maintained, if possible." The judgment of the court below is reversed, with instructions to sustain the demurrer.

Morgan, C. J., and Huston, J., concur.