### UNITED STATES v. LEWIS COUNTY, IDAHO, et al.

### No. 8561.

Circuit Court of Appeals, Ninth Circuit.

Jan. 27, 1938.

John A. Carver, U. S. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Attys., all of Boise, Idaho, and John L. Wheeler, Sp. Atty., Dept. of Justice, of Los Angeles, Cal., for the United States.

Thomas A. Madden, of Lewiston, Idaho, and G. C. Pennell, of Nez Perce, Idaho, for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is a companion case to United States v. Nez Perce County et al., 95 F.2d 232, this day decided. A full discussion of the general factual situation and of the applicable statutes and authorities is contained in that opinion. For opinion of the trial court, see D.C., 16 F.Supp. 267.

Alice Mattuge, on whose behalf the United States brought suit to quiet title and for the recovery of taxes paid, is a full-blood Indian, an enrolled member of the Nez Perce Tribe. On June 13, 1895, a trust patent for her allotment was issued under the terms of and containing the provisions found in the General Allotment Act of February 8, 1887. 24 Stat. 388. On November 30, 1919, patent in fee for these lands was issued to her. In 1920 the applicable trust period was by executive order extended for ten years, and the period was again extended in 1930. These orders made no exception of the allotment in question. The property covered by the fee patent was placed on the tax rolls of Lewis County in 1920 and taxes were paid by Alice Mattuge or on her behalf for that year and for subsequent years to and including 1925. Taxes for the years 1926 to 1930, inclusive, became and remain delinquent. In 1930, on application of the Indian, the Secretary of the Interior canceled her fee patent and restored her lands to the original trust status. The order of cancellation recites that the fee patent was issued without her application or consent. The judgment of the court denied recovery of the taxes paid, declared the Secretary's order of cancellation to be subject to the lien of unpaid taxes assessed for the years 1926 to 1930, and adjudged that all taxes levied subsequent to the cancellation order are null and void.

Here, as in the Nez Perce County Case, the bill alleged and the answer denied that the fee patent of November 30, 1919, was issued to the Indian without her application or consent. The court made no finding on this issue. The Indian woman testified personally concerning the circumstances of her receipt of the patent and her subsequent conduct. This case requires the same treatment and is subject to the principles found controlling in United States v. Nez Perce County, supra.

The cause is remanded to the trial court with instructions to make a finding on the question of the consent of the Indian to the issuance of the fee patent. If it is found that there was no consent, judgment should be entered invalidating the lien of the county for unpaid taxes and for the recovery of taxes paid, without interest there-

on, in accord with the views expressed by us in this opinion and in United States v. Nez Perce County, supra.