**GLACIER COUNTY, MONT., et al. v.
UNITED STATES.**

No. 8734.

Circuit Court of Appeals, Ninth Circuit.

Oct. 15, 1938.

Horace W. Judson, of Cut Bank, Mont.,
and H. C. Hall and Edw. C. Alexander,
both of Great Falls, Mont., for appellants.

Carl McFarland, Asst. Atty. Gen., C.
W. Leaphart, of Missoula, Mont., and Os-
car A. Provost, Robert M. Vaughan, and
Thomas E. Harris, Attys., Dept of Justice,
all of Washington, D. C., and John B. Tan-
sil, U. S. Atty., and Donald J. Stocking,

Asst. U. S. Atty., both of Butte, Mont., for the United States.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a decree quieting title of the United States to lands in the Blackfeet Indian Reservation, in Glacier County, Montana, and giving judgment for the recovery with interest of taxes collected by the county from Indian allottees.

The cause was tried without a jury upon documentary evidence and an agreed statement of facts. Briefly, the record discloses that in the year 1918 patents covering the lands involved were issued to the United States in trust for twenty-seven Indians to whom the lands had been allotted in severalty. Within two years thereafter, fee patents were issued to these Indians. It is stipulated that the fee title was granted to the Indians without any application on their part and without their consent. Apparently there was some opposition among the Indians to the policy of the Department and some had said that they would not receipt for the fee patents. There is a letter in the record written under date of April 24, 1918 from the office of the Commissioner of Indian Affairs to the special superintendent in charge at the reservation, instructing the latter to inform the Indians that the Secretary of the Interior "has the right to issue these 'patents, and if they refuse to accept them, you are directed to have the patents recorded and after recording same, to send them to the patentees by registered mail and retain the receipt cards for the files in your office."

In 1919 and 1920 the lands were placed on the tax rolls of Glacier County and taxes levied pursuant to the state laws. Fourteen of the Indians paid taxes, some of these for the first few years only, although the majority of the fourteen paid down to the years 1927 or 1928. Between 1927 and 1932, the Department, under authority of the act of February 26, 1927, 44 Stat. 1247, 25 U.S.C.A. § 352a, canceled the fee patents of all save one of the Indians, on the ground that they had been issued without application or consent. The present suit was brought in September, 1933.

A special act of Congress, approved March 1, 1907, 34 Stat. 1035, had directed that, so soon as all the lands in the Blackfeet Reservation had been surveyed, the Commissioner of Indian Affairs "shall

cause allotments of the same to be made under the provisions of the allotment laws of the United States." The trust patents for the allotted lands were in the form required by the General Allotment Act of February 8, 1887, 24 Stat. 388, 25 U.S.C.A. §§ 331 et seq., 339 et seq., 381, declaring that the United States "does and will hold the land 'thus allotted [subject to all statutory provisions and restrictions], for the period of twenty-five years, in trust for the sole use and benefit of the Indian * * * and that at the expiration of said period the United States will convey the same by patent to said Indian * * * in fee, discharged of said trust, and free from all charge or incumbrance whatsoever." Section 5, 25 U.S.C.A. § 348.

The case is controlled by the decisions of this court in United States v. Benewah County, 9 Cir., 290 F. 628; United States v. Nez Perce County, 9 Cir., 95 F.2d 232; United States v. Lewis County, 9 Cir., 95 F.2d 236, and the opinion on petition for rehearing in the two latter cases, 9 Cir., 95 F.2d 238. These cases, in line with the general authority on the subject, hold that a grant of immunity from taxation during the trust period is implied from the allotment act and the terms of the trust patents; and that this immunity is a vested right of which the Indian may not be deprived without his consent. Appellants contend that the two later decisions, at least, are distinguishable, the distinction being that the Congressional act authorizing the allotments in the present instance was passed, and the trust patents issued, subsequent to the passage of the so-called Burke Act of May 8, 1906, 34 Stat. 182, 25 U.S.C.A. § 349. By this act—which was an amendment to the General Allotment Act of February 8, 1887—the Secretary of the Interior was authorized, if satisfied of the competency of any Indian allottee, to cause the issuance to such allottee of a patent in fee simple, "and thereafter all restrictions as to sale, incumbrance, or taxation of said land shall be removed."

While conceding that trust patents issued prior to the 1906 act vest in the Indians the right to immunity from tax during the specified trust period, appellants claim that no such right vests in the case of trust patents issued thereafter. This contention was disposed of in United States v. Benewah County, supra, where the trust patents involved had been issued in 1909. It was there said that the act of May 8, 1906 should "be held to mean that such

action by the Secretary [the issuance of a patent in fee simple] can be had only upon the application of the allottee or with his consent." [Page 631.] That construction of the 1906 amendment was again declared in United States v. Nez Perce County, supra.

Appellants contend that the taxes of which recovery was adjudged were paid voluntarily, and that the principle denying recovery under such circumstances should have been applied. The argument was sufficiently disposed of, we think, in United States v. Nez Perce County, supra. The Montana statutes in force during the period in question provided for the imposition of a penalty of ten per cent on all taxes becoming delinquent. Sec. 2175, R.C.M. 1921. Upon the publication and posting of the delinquent tax list, together with notice of sale, for a period of three weeks after delinquency (Secs. 2182–2186, R.C.M. 1921), the land was required to be offered for sale at public auction. Sec. 2191, R.C.M. 1921. Redemption from the sale might have been made within three years by the payment of the amount of the tax, with interest and penalty added. Secs. 2201 and 2210, R.C.M. 1935.

The situation is not the ordinary one involving persons under no disability; we are dealing with Indians in a condition of wardship. These people had neither knowledge of their rights nor adequate means of safeguarding them. The fee title had been thrust upon them without consulting their wishes, and they had been given to understand by those in charge of their affairs that they could not lawfully resist the procedure throwing their lands open to taxation. If they failed to pay the levies they were faced with the imposition of penalties, the clouding of their titles and the ultimate loss of their property. Under all the circumstances, there is no justification for holding that the elements of duress were not present.

The trial court found that in 1933 the son of Alice Aubrey Martin Whistler, one of the Indians involved, paid to the county, on her behalf and from funds furnished by her, the sum of $187 on a contract to repurchase from the county a part of the land covered by her trust patent, apparently after the land had gone to tax deed. Recovery of the sum was adjudged. It is claimed that this was error, but we think the payment was not less under coercion than the payment of taxes.

For reasons given in the opinion on petitions for rehearing in United States v. Nez Perce County and United States v. Lewis County, 9 Cir., 95 F.2d 238, the judgment awarding the recovery of interest must be reversed. The circumstances here do not differ essentially from those involved in the controlling cases. In the present instance there is the added consideration that the Montana statute expressly prohibits the recovery of interest, even in situations where the tax has been paid under protest. Sec. 2269, R.C.M. 1935; Fulton Oil Co. v. Toole County, 86 Mont. 367, 373, 283 P. 769.

Other errors have been assigned, which we have noted, but we find no merit in the assignments.

The decree is affirmed except insofar as it adjudges the recovery of interest. To that extent it is reversed.