**UNITED STATES v. PETERSEN et al.**
**(STATE OF CALIFORNIA et al.,**
intervenors).
**Civ. No. 849.**

United States District Court
S. D. California, Northern Division.
June 22, 1950.

Max F. Deutz, Assistant U. S. Attorney, Los Angeles, Cal., for plaintiff.

Bayard Rhone, Deputy Attorney General, for Intervenor State of California.

George, Winkler & Gibbs, Fresno, Cal., for Defendants Theodore Petersen, et al.

Stammer & McKnight, Fresno, Cal., for defendants in intervention A. E. Cutler, et al.

MATHES, District Judge.

By this action the United States seeks [1] a declaratory judgment decreeing that the federal government has exclusive police jurisdiction over privately owned lands

located within the boundaries of Kings Canyon National Park and [2] a writ of injunction restraining sale of liquor upon such private property without prescribed federal permit. 28 U.S.C.A. §§ 1345, 2201. The cause is submitted for decision upon an agreed statement of facts.

National Park Service regulations issued pursuant to statute by the Secretary of the Interior, 36 Code Fed.Regs. § 12.8 (1949); see 39 Stat. 535 (1916), 16 U.S.C.A. § 3, provide that "no alcoholic * * * liquor, containing more than one per cent of alcohol by weight, shall be sold on any privately-owned [sic] lands within * * [Kings Canyon National Park] unless a permit for the sale thereof has first been secured from the * * * regional director."

■ Defendants sell liquor "containing more than one per cent of alcohol by weight" at their establishment, "The Lodge", located in "Wilsonia Village" on a tract of privately owned land within the boundaries of General Grant grove section of the park. Their application for a federal permit was refused by the regional director, but defendants hold a seasonal on-sale liquor license from the California State Board of Equalization. Against the assertion that the United States has exclusive jurisdiction to regulate the sale of liquor on their land, defendants continue to sell under claimed authority of state license.

Thus an "actual controversy", justiciable in this court, exists between the United States and the defendants. 28 U.S.C.A. § 2201; Aetna Life Ins. Co. v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; cf. Eccles v. Peoples Bank, 333 U.S. 426 (1948). Other residents and owners of land in "Wilsonia Village" have now intervened in the action, as has the State of California. Federal Rules Civil Procedure, rule 24(b), 28 U.S.C.A.

By Act of March 4, 1940, 54 Stat. 41, 16 U.S.C.A. § 80, the Congress "dedicated and set apart as a public park, to be known as the Kings Canyon National Park", a tract of land located in California. General Grant National Park, see 41 Stat. 731 (1920); Cal.Stats.1919, c. 51, was abolished and the area within it was, "subject to valid existing rights, * * * added to and made a part of the Kings Canyon National Park"—the "General Grant grove section of the said park." 54 Stat. 43, 16 U.S.C.A. § 80a. This congressional enactment establishing the park included lands owned by defendants and the individual intervenors within the boundaries of the area so "dedicated and set apart as a public park."

California thereafter ceded to the United States "exclusive jurisdiction * * * over and within all of the territory which is now or may hereafter be included in those several tracts of land in the State of California set aside and dedicated for park purposes by the United States as 'Kings Canyon National Park'; saving however * * * the right to serve * * * process * * * the right to tax persons and corporations, their franchises and property on the lands included * * * and the right to fix and collect license fees for fishing in said park; and saving also to the persons residing in said park now or hereafter the right to vote at all elections held within the county or counties in which said park is situate"; the jurisdiction thereby granted to vest when "the United States through the proper officer notifies the State of California that it assumes police jurisdiction over said park." Cal.Stats.1943, c. 96, § 2, Cal. Gov.Code § 119.

By letter of April 21, 1945, to the Governor of California, the Secretary of the Interior accepted on behalf of the United States "exclusive jurisdiction over all the lands now included in Kings Canyon National Park" and gave notice that the United States then assumed "police jurisdiction over the said park." See 54 Stat. 1083 (1940), 40 U.S.C.A. § 255.

California thus purported to cede to the United States police jurisdiction "over and within all of the territory * * * included in those several tracts of land * * * set aside and dedicated for park purposes * * * as 'Kings Canyon National Park.'" And the Secretary of the

Interior then purported to accept on behalf of the United States "exclusive jurisdiction over all the lands now included in Kings Canyon National Park."

The Government urges that exclusive police jurisdiction of the United States over all lands included within the boundaries of Kings Canyon National Park, both publicly and privately owned, is established by this agreement between the United States and California. Collins v. Yosemite Park Co., 1938, 304 U.S. 518, 529, 58 S.Ct. 1009, 82 L.Ed. 1502.

Neither in the congressional act of dedication, nor in the legislative act of cession, nor in the executive act of acceptance, is any mention made of privately owned tracts of land such as "Wilsonia Village." Admittedly the lands owned by defendants and the individual intervenors are not "set aside and dedicated for park purposes" see 54 Stat. 41, 43 (1940), 16 U.S.C.A. §§ 80, 80a; but it is equally beyond question that "Wilsonia Village" is, in the language of the California Legislature, "included in those several tracts of land in the State of California set aside and dedicated for park purposes by the United States as 'Kings Canyon National Park.'"

■ Although 54 Stat. 1083, (1940), 40 U.S.C.A. § 255, pursuant to which the Secretary of the Interior acted on behalf of the United States, authorizes the head of a department only to accept "cession of * * * jurisdiction, exclusive or partial, not theretofore obtained, over * * lands or interests [under his immediate jurisdiction, custody, or control] * * ", this statute merely provides a method of accepting a cession of jurisdiction, Adams v. United States, 1943, 319 U.S. 312, 314, 63 S.Ct. 1122, 87 L.Ed. 1421, and is not to be construed to limit either as to character or ownership the lands over which federal jurisdiction may be assumed.

■ It seems clear therefore that California intended to cede and the United States intended to accept exclusive police jurisdiction over the privately owned lands in question. United States v. Unzeuta, 1930, 281 U.S. 138, 143, 50 S.Ct. 284, 74

L.Ed. 761; cf. Arlington Hotel Co. v. Fant, 1929, 278 U.S. 439, 49 S.Ct. 227, 73 L.Ed. 447; Fort Leavenworth R. Co. v. Lowe, 1885, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264.

Defendants and intervenors contend however that California cannot by compact constitutionally cede, and that the United States cannot constitutionally accept exclusive jurisdiction over lands in California to which the United States has no title.

■ The Constitution of California permits such a cession of jurisdiction by the state. See Johnson v. Morrill, 1942, 20 Cal.2d 446, 126 P.2d 873, 877; Standard Oil Co. of California v. Johnson, 1938, 10 Cal.2d 758, 76 P.2d 1184, 1188; cf. Fort Leavenworth R. Co. v. Lowe, supra, 114 U.S. 525, 541, 5 S.Ct. 995, 29 L.Ed. 264; Chicago R. I. & P. Ry. Co. v. McGlinn, 1885, 114 U.S. 542, 546, 5 S.Ct. 1005, 29 L.Ed. 270; State of Rhode Island v. Com. of Massachusetts, 1838, 12 Pet. 657, 37 U.S. 657, 725, 9 L.Ed. 1233.

■ The Constitution of the United States expressly grants exclusive federal "Authority over all Places purchased * * for the Erection of Forts * * * and other needful Buildings." U.S.Const. Art. I, § 8, cl. 17; see Madison, Journal of the Constitutional Convention 662 (Scott ed. 1893). And it is now settled that the federal government may by compact with a state assume exclusive police jurisdiction over any federal lands within the state. Collins v. Yosemite Park Co., supra, 304 U.S. 518, 529, 58 S.Ct. 1009, 82 L.Ed. 1502; Fort Leavenworth R. Co. v. Lowe, supra, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264.

Moreover it is held that where "necessary in order to secure the benefits intended to be derived" from federal lands, acceptance of exclusive police jurisdiction by the United States may extend to privately owned land. United States v. Unzeuta, supra, 281 U.S. 138, 145, 50 S.Ct. 284, 74 L.Ed. 761; cf. Arlington Hotel Co. v. Fant, supra, 278 U.S. 439, 49 S.Ct. 227, 73 L.Ed. 447. Since the privately owned land at bar is entirely surrounded by public lands dedicated for national park pur-

poses "to conserve the scenery and the natural and historic objects and the wildlife therein," 39 Stat. 535 (1916), 16 U.S. C.A. § 1, the conclusion follows that acceptance by the United States of exclusive police jurisdiction over such privately owned land was "necessary in order to secure the benefits intended to be derived" from the park.

■ The individual intervenors urge that the effect of so holding will deprive them of their right to vote and other state rights, including their right to state fire protection, without due process of law. But California's cession of jurisdiction expressly saved the voting rights of persons residing in the park. It does not befall this court to "labor to find an inference which would deprive them of the right of suffrage." Johnson v. Morrill, supra, 20 Cal.2d 446, 126 P.2d 873, 877. As to the loss of state rights such as fire protection, the federal government is always charged with the duty of protecting rights and property of its citizens, see Helvering v. Gerhardt, 1938, 304 U.S. 405, 412, 58 S.Ct. 969, 82 L.Ed. 1427, so there is no lack of due process here. Cf. State of Rhode Island v. Com. of Massachusetts, supra, 12 Pet. 657, 37 U.S. 657, 725, 9 L.Ed. 1233.

■ The United States had authority to and did accept from California cession of exclusive police jurisdiction over the privately owned lands in controversy, United States v. Unzeuta, supra, 281 U.S. 138, 50 S.Ct. 284, 74 L.Ed. 761, and is entitled to judgment so decreeing.

■ The Government also prays for an injunction restraining defendants from selling liquor at "the Lodge" without federal permit. The United States would be entitled to the injunction sought, if such a remedy were necessary to prevent irreparable injury to federal property rights, to protect the general welfare or to abate a public nuisance. Light v. United States, 1911, 220 U.S. 523, 31 S.Ct. 485, 55 L.Ed. 570; In re Debs, 1895, 158 U.S. 564, 583-587, 15 S.Ct. 900, 39 L.Ed. 1092.

■ However, criminal sanctions are provided for violation of National Park Service regulations, 36 Code Fed. Regs. §§ 1-34, issued by the Secretary of the Interior, 39 Stat. 535 (1916), as amended, 16 U.S. C.A. § 3, and such regulations have the force of law. See Yakus v. United States, 1944, 321 U.S. 414, 435, 64 S.Ct. 660, 88 L.Ed. 834. It does not appear that the acts of defendants at bar constitute anything more than a violation of such regulations. The criminal remedy at law is therefore adequate. Cf. Hecht Co. v. Bowles, 1944, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754.

■ While existence of another adequate remedy does not preclude declaratory relief, Federal Rules Civil Procedure, rule 57; Delno v. Market St. Ry., 9 Cir., 1942, 124 F.2d 965, 968, the extraordinary remedy of injunction is not warranted where as here there is an adequate criminal remedy. Milliken v. Stone, 2 Cir., 1927, 16 F.2d 981, 983, certiorari denied, 1927, 274 U.S. 748, 47 S.Ct. 764, 71 L.Ed. 1331; cf. In re Debs, supra, 158 U.S. 564, 593, 15 S.Ct. 900, 39 L.Ed. 1092; see Chafee, Progress in the Law—Equitable Relief Against Torts, 34 Harv. L. Rev. 388, 398-405 (1921). Accordingly the prayer for an injunction will be denied.

Solicitors for plaintiff will submit findings of fact, conclusions of law and form of declaratory judgment pursuant to local rule 7 within ten days.