## PETERSEN et al. v. UNITED STATES.
### No. 12694.

United States Court of Appeals
Ninth Circuit.
Aug. 2, 1951.

Writ of Certiorari Denied Nov. 26, 1951.
See 72 S.Ct. 174.

Edmund G. Brown, Atty. Gen., of California, Bayard Rhone, Deputy Atty. Gen., for appellant State of California.

George, Winkler & Gibbs, Fresno, Cal., for appellants Petersen and others.

Ernest A. Tolin, U. S. Atty., Walter S. Binns, Chief Asst. U. S. Atty., Clyde C. Downing and Max F. Deutz, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and GOODMAN and BYRNE, District Judges.

GOODMAN, District Judge.

The question presented on this appeal is whether or not the federal government has exclusive police jurisdiction over certain privately owned land situated entirely within the boundaries of Kings Canyon National Park.

In 1940, the Congress dedicated and set apart as a public park (Kings Canyon National Park) certain tracts of land within the boundaries of Tulare County, in the State of California. 16 U.S.C.A. § 80. In 1943, California ceded to the United States exclusive jurisdiction over all the territory included in the tracts of land set aside and dedicated by the United States. California Statutes 1943, Chapter 96, Sec. 2. California Government Code Section 119. Thereafter, in 1945, the Secretary of the Interior of the United States accepted the cession and assumed police jurisdiction. 40 U.S.C.A. § 255.

Within the park limits and entirely surrounded by the park acreage were some privately owned tracts of land known as Wilsonia Village in which a number of persons owned private homes and in which appellants Petersen et al. owned and operated a tavern. The private owners were successors or grantees of one Daniel M. Perry, to whom, in 1891, the United States patented these tracts.

In November of 1947, appellants Petersen et al. applied to the Department of the Interior for a permit to sell intoxicating liquor in their establishment pursuant to the regulations promulgated by the Secretary of the Interior. 13 Fed. Register 498–599. In March of 1948 the permit was denied. The following month appellants Petersen et al. applied to the California State Board of Equalization for a permit to sell intoxicating liquor on said premises pursuant to the Alcoholic Beverages Control Act of the State of California. Thereafter a season's license was issued by the California State Board of Equalization to appellants Petersen et al.

Thereafter the Department of the Interior notified appellants Petersen et al. that the Federal Government did not recognize the authority of the California State Board of Equalization to grant such liquor license. Thereafter the United States filed this action below for a declaratory judg-

ment adjudging that the Federal Government has exclusive police jurisdiction and for a writ of injunction restraining the sale of liquor by appellants Petersen et al. without a Federal permit.

The lower court granted a declaratory judgment in favor of the United States as prayed but denied the writ of injunction placing its denial of the latter upon the ground that adequate criminal remedies existed.

Appellants have vigorously contended upon the appeal that the language of the State statute[1] ceding jurisdiction to the United States does not warrant the conclusion that jurisdiction over the privately owned areas was transferred. The basis of this contention is that the language "over and within all of the territory which is now or may hereafter be *included in* those several tracts of land in the State of California set aside and dedicated for park purposes * * *." does not, either explicitly or implicitly, describe or include the privately owned areas.

■ In effect, appellant's contention is that the cession of jurisdiction over all of the territory *"included in"* the dedicated areas means that California was ceding jurisdiction only over the already dedicated *surrounding* areas. We construe the words "territory * * * included in" to mean the state lands "confined" or "shut up" or "enclosed" or "embraced" within the surrounding already dedicated areas. See Webster, New International Dictionary, 2nd Ed. 1947.

Both California and the United States were intending by the statutes of cession and acceptance to accomplish unified policing of privately owned and public lands within the park boundaries for the public good in administering the National Park. Hence we agree with the district Judge[2] that such was the intention of both California and the United States.

■ It was also strongly urged upon the appeal that California was powerless to surrender its jurisdiction to the United States over privately owned lands on the ground that the power to surrender existed only as to federally owned property. But no authority has been submitted nor does independent research reveal any basis for concluding that the sovereign state may not, as a part of its power of sovereignty, cede part of its jurisdiction over privately owned property to its paramount sovereign in cases like the instant one. To the contrary, it is clear that such cessions of jurisdiction, motivated by the comity between sovereigns, have been found to be lawful and proper for the reason that they are necessary in order to secure the great public benefits intended to be derived from the dedicated areas. U. S. v. Unzeuta, 281 U.S. 138, 50 S.Ct. 284, 74 L.Ed. 761; Arlington Hotel v. Fant, 278 U.S. 439, 49 S. Ct. 227, 73 L.Ed. 447. See cases cited in the opinion below. 91 F.Supp. 209, at 212.

It has been called to our attention that there are many small tracts of privately owned land within the boundaries of the

1. The pertinent part of the statute is as follows:

Section 119 of the Government Code of California

"Cession of exclusive jurisdiction to United States: Lands in Kings Canyon National Park: Reservations: When jurisdiction vests, Exclusive jurisdiction shall be and the same is hereby ceded to the United States over and within all of the territory which is now or may hereafter be included in those several tracts of land in the State of California set aside and dedicated for park purposes by the United States as 'Kings Canyon National Park'; saving however to the State of California the right to serve

civil or criminal process within the limits of the aforesaid park in suits or prosecutions for or on account of rights acquired, obligations incurred, or crimes committed in said State outside of said park; and saving further to the said State the right to tax persons and corporations, their franchises and property on the lands included in said park, and the right to fix and collect license fees for fishing in said park; and saving also to the persons residing in said park now or hereafter the right to vote at all elections held within the county or counties in which said park is situate."

2. The opinion of District Judge William C. Mathes is reported in 91 F.Supp. 209.

National Parks in the western part of the United States. However, these tracts, although many in number, comprise less than 1% of the area of the Parks. Despite the large number of such instances, the courts have found no statutory or constitutional obstacle to the consummation, by contract between the States and the United States, of transfers of jurisdiction over privately owned land to the United States. To the contrary, it has been recognized that the ability of the States and the National Government to cooperatively adjust jurisdiction over territory within their borders furthers the mutual interests of the people of both State and Nation. Collins v. Yosemite National Park Curry Co., 304 U.S. 518, 58 S.Ct. 1009, 82 L.Ed. 1502. The history of the dedication and development of The National Park System is persuasive proof of this. Arlington Hotel v. Fant, supra.

█ It has been suggested that the relinquishment of state jurisdiction as to the private owners violated "due process." But to adopt this conclusion would lead to the absurd result that the concept of due process inheres in state process but not in federal process. Furthermore, there is, constitutionally speaking, no basic right to any particular forum or form of remedy. The constitution guarantees only the right of legal redress by some effective procedure. Gibbes v. Zimmerman, 290 U.S. 326, 332, 54 S.Ct. 140, 78 L.Ed. 342; Missouri v. Lewis, 101 U.S. 22, 31, 25 L.Ed. 989; Dohany v. Rogers, 281 U.S. 362, 369, 50 S.Ct. 299, 74 L.Ed. 904; Reetz v. Michigan, 188 U.S. 505, 23 S.Ct. 390, 47 L.Ed. 563.

We find no constitutional bar which prevented the State of California from ceding jurisdiction to the Federal Government over the privately owned Wilsonia area lying wholly within and surrounded by the acreage making up Kings Canyon National Park.

█ Appellants, having sought and having been denied a federal permit to sell intoxicating liquor within the confines of a great public national park, have no lawful basis of complaint because the aid of a more co-operative state agency is beyond their reach. Indeed, the sale of liquor within the boundaries of the Park would tend to thwart its beneficent purposes unless federally regulated in the interest of the public in enjoying the beauties and advantages of the dedicated areas.[3]

The judgment is affirmed.

---

3. It may be pointed out, analogously, that no statutory or constitutional objections have been urged against the right of the United States to regulate by penal statute certain uses of areas of private land adjacent to United States military reservations. See 18 U.S.C.A. § 1384.