**Chester GUITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14848.**

United States Court of Appeals Ninth Circuit.

Feb. 14, 1956.

Rehearing Denied March 16, 1956.

John M. McCarvel, Great Falls, Mont., for appellant.

Krest Cyr, U. S. Atty., Michael J. O'Connell, Frank M. Kerr, Asst. U. S. Attys., Butte, Mont., for appellee.

Before HEALY and LEMMON, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

Appellant brings this appeal from a judgment of conviction of statutory rape of an Indian girl.

Although the indictment charged violation of 18 U.S.C. § 1152, the district judge instructed the jury that the statute upon which the indictment properly rested was 18 U.S.C. § 2032. This error in citation of the statute alleged to have been violated did not mislead the accused to his prejudice, and so is not ground for reversal of the conviction. Fed.Rules Crim.Proc. Rule 7(c), 18 U.S.C.; United States v. Hutcheson, 1941, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788.

The alleged criminal act took place on appellant's ranch located within the exterior boundaries of the Blackfeet Indian Reservation. Appellant's title was acquired by tax deed from Glacier County, Montana, without express reservation of any Federal jurisdiction over the land. 43 Stat. 252 (1924); Goudy v. Meath, 1906, 203 U.S. 146, 27 S.Ct. 48, 51 L.Ed. 130; Glacier County, Montana v. United States, 9 Cir., 1938, 99 F.2d 733; cf. Williams v. United States, 9 Cir., 1954, 215 F.2d 1, certiorari denied 1955, 348 U.S. 938, 75 S.Ct. 358.

This circumstance, appellant urges, places the alleged offense beyond the jurisdiction of the Federal courts.

18 U.S.C. § 2032 provides that:

"Whoever, within the special * * * territorial jurisdiction of the United States, carnally knows any female * * *" shall be guilty of an offense. The "special * * * territorial jurisdiction of the United States" is defined in 18 U.S.C. § 7(3) as including "Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof * * *."

The gist of appellant's contention is that Federal jurisdiction is lacking because the land on which the offense was found to have occurred is not within the "special * * * jurisdiction of the United States" as defined above in 18 U.S.C. § 7(3).

However, appellant admits that the land in question is located in "Indian country" within the meaning of 18 U.S.C. § 1151. Appellant's ranch must then be held to comprise a part of "lands reserved * * * for the use of the United States" within the meaning of 18 U.S.C. § 7(3). Cf. United States v. Petersen, 9 Cir., 191 F.2d 154, certiorari denied sub nom. State of California v. U.S., 1951, 342 U.S. 885, 72 S.Ct. 174, 96 L.Ed. 664. And 18 U.S.C. § 1152 declares that "* * * the general laws of the United States as to the punishment of offenses committed in any place within the * * * exclusive jurisdiction of the United States * * * shall extend to the Indian country."

Thus appellant's ranch, being located in "Indian country", is on "lands reserved * * * for the use of the United States, and under exclusive * * jurisdiction thereof", within 18 U.S.C. § 7(3). The offense must therefore be held to have been committed within the "special * * * territorial jurisdiction

of the United States" as required by 18 U.S.C. § 2032. Hence the District Court had jurisdiction.

Other claimed grounds for reversal are advanced by appellant, but are without merit.

The judgment of the District Court is affirmed.