Beatrice M. MACOMBER, Appellant,

v.

James BOSE and Ethyl Joyce Bose,
Appellees.

No. 22020.

United States Court of Appeals
Ninth Circuit.

Oct. 4, 1968.

James A. Cumming, Columbia Falls, Mont., for appellant.

Harold F. Smith, Kalispell, Mont., for appellees.

Before JOHNSEN,* MERRILL and ELY, Circuit Judges.

MERRILL, Circuit Judge.

The parties are, respectively, owners of real property within the boundaries of Glacier National Park in Montana and, in this suit, dispute their respective rights to divert water from a nearby stream. The question on appeal is whether such a dispute concerning property so located gives rise to federal jurisdiction.

The complaint purports to be filed under 28 U.S.C. § 1331, alleging that the rights in issue arise under federal law and exceed $10,000 in value. The District Court concluded that the case was controlled by state law and dismissed

---

* Honorable Harvey M. Johnsen, 8th Circuit Court of Appeals, sitting by designation.

for lack of jurisdiction. In our judgment this was error.

■ The question is whether Montana has ceded to the United States and the United States has accepted sovereignty and political dominion over privately owned land located within the boundaries of the park.

■ Upon its admission to the Union as a state Montana acquired sovereignty and political dominion over all public lands of the United States. As to such lands the relationship of the United States was that of individual proprietor. Fort Leavenworth R. R. v. Lowe, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264 (1885).

On May 11, 1910, by Act of Congress, Glacier National Park was created. The Act, 16 U.S.C. § 161, in pertinent part is set forth in the margin.[1] The United States, dealing with its own land, thus withdrew it from settlement and location and dedicated it as a public park. It did not purport to disturb Montana's sovereignty or political dominion.

Montana then ceded dominion to the United States, and the United States, on August 22, 1914, by Act of Congress, formally accepted the cession.[2]

■ By this cession and acceptance, federal authority became the only authority operating within the ceded area. Collins v. Yosemite Park & Curry Co., 304 U.S. 518, 58 S.Ct. 1009, 82 L.Ed. 1502 (1938); Fort Leavenworth R. R. v. Lowe, supra. State law theretofore applicable within the area was assimilated as federal law, James Stewart & Co. v. Sadrakula, 309 U.S. 94, 60 S.Ct. 431, 84 L.Ed. 596 (1940), to remain in effect until changed by Congress. Rights arising under such assimilated law, arise under federal law and are properly the subject of federal jurisdiction. Mater v. Holley, 200 F.2d 123 (5th Cir. 1952); Stokes v. Adair, 265 F.2d 662 (4th Cir.), cert. denied, 361 U.S. 816, 80 S.Ct. 56, 4 L.Ed.2d 62 (1959); Capetola v. Barclay White Co., 139 F.2d 556, 153 A.L.R. 1046 (3d Cir. 1943), cert. denied 321 U.S. 799, 64 S.Ct. 939, 88 L.Ed. 1087 (1944).

In support of the District Court judgment appellee contends that even accepting these general principles the lands of the parties here involved were not included within the cession and acceptance. Appellee points to language in the Act of 1910 (16 U.S.C. § 161, supra), "Nothing herein contained shall affect any valid claim, location or entry existing under the land laws of the United States before May 11, 1910, or the rights of any such claimant, locator or entryman to the full use and enjoyment of his land." Appellee contends that the United States thus excluded all privately owned lands

1. "§ 161. *Glacier National Park; establishment, trespassers; claims and rights under land laws not affected; reclamation projects; indemnity selection of lands*

The tract of land in the State of Montana particularly described by metes and bounds as follows, to wit: * * * [Description] is reserved and withdrawn from settlement, occupancy, or disposal under the laws of the United States, and dedicated and set apart as a public park or pleasure ground for the benefit and enjoyment of the people of the United States under the name of "The Glacier National Park." All persons who shall locate or settle upon or occupy the same, or any part thereof, except as hereinafter provided, shall be considered trespassers and removed therefrom. Nothing herein contained shall affect any valid claim, location, or entry existing under the land laws of the United States before May 11, 1910, or the rights of any such claimant, locator, or entryman to the full use and enjoyment of his land."

2. "§ 163. *Same; jurisdiction by the United States; fugitives from justice*

Sole and exclusive jurisdiction is assumed by the United States over the territory embraced within the Glacier National Park, saving, however, to the State of Montana the right to serve civil or criminal process within the limits of the aforesaid park in suits or prosecution for or on account of rights acquired, obligations incurred, or crimes committed in said State but outside of said park, and saving, further, to the said State the right to tax persons and corporations, their franchises and property, on the lands included in said park."

from its jurisdiction and continued state law as the effective authority applicable to such lands.

The Act of 1910, however, did not purport to deal with United States jurisdiction. State jurisdiction continued and the position of the United States remained as individual proprietor until 1914. It is the Act of 1914 (16 U.S.C. § 163, supra), that defines the area over which the United States assumed dominion.

That area is described as "the territory embraced within the Glacier National Park." Such language includes not only the public lands dedicated to park purposes by the United States but all privately owned lands within the described park boundaries. Petersen v. United States, 191 F.2d 154 (9th Cir.), cert. denied sub nom. State of California v. United States, 342 U.S. 885, 72 S.Ct. 174, 96 L.Ed. 664 (1951).

Judgment reversed. The case is remanded with instructions that dismissal be vacated and for further proceedings.