Dear Representative Steidley,
¶ 0 This office has received your request for an official Opinion of the Attorney General in which you asked, in effect, the following question:
 What authority, if any, does the State of Oklahoma possess to enforce criminal laws on United States postal properties held in fee title by the United States Government?
¶ 1 The United States Government has constitutional authority to establish post offices. U.S. Const. art. I, § 8, cl. 7. Further, the United States has constitutional authority to obtain and exercise exclusive legislative authority over land used for federal purposes:
The Congress shall have Power . . .
 To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings[.]
U.S. Const. art. I, § 8, cl. 17 (emphasis added).
¶ 2 Reading clause 7, "[t]o establish Post Offices and post Roads," and clause 17 together, the United States Supreme Court has ruled that post offices are within the scope of the "other needful Buildings" in clause 17. Battle v. United States,209 U.S. 36, 37 (1908).
¶ 3 There have been two major eras in the law regarding exclusive jurisdiction of the federal government on land obtained pursuant to Article I, § 8 of the United States Constitution. Prior to 1940, federal law presumed that the United States had exclusive legislative authority upon lands obtained by the federal government. After 1940, by statutory enactment, exclusive jurisdiction was obtained only by the affirmative action of the federal government. 54 Stat. 19 (Feb. 1, 1940). Currently, federal law specifies that in order for the federal government to establish exclusive jurisdiction over land obtained, an authorized officer of the department of the federal government which has obtained the land must file a written notice of acceptance of such jurisdiction with the governor of the state in which the land is located:
 Notwithstanding any other provision of law, the obtaining of exclusive jurisdiction in the United States over lands or interests therein which have been or shall hereafter be acquired by it shall not be required; but the head or other authorized officer of any department or independent establishment or agency of the Government may, in such cases and at such times as he may deem desirable, accept or secure from the State in which any lands or interests therein under his immediate jurisdiction, custody, or control are situated, consent to or cession of such jurisdiction, exclusive or partial, not theretofore obtained, over any such lands or interests as he may deem desirable and indicate acceptance of such jurisdiction on behalf of the United States by filing a notice of such acceptance with the Governor of such State or in such other manner as may be prescribed by the laws of the State where such lands are situated. Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted.
40 U.S.C. § 255 (emphasis added).
¶ 4 The State of Oklahoma has given its consent, pursuant to Article I, § 8 of the United States Constitution, for the United States to acquire land in the State of Oklahoma:
 A. The consent of this state is hereby given, in accordance with Section 8 of Article I of the Constitution of the United States, to the acquisition by the United States, by purchase, condemnation or otherwise, of any land in this state required for sites for custom houses, post offices, arsenals, forts, magazines, dockyards, military reserves, irrigation or drainage projects, municipal water facilities or for needful public buildings.
 The consent of this state is also given to the acquisition of land by the United States, by condemnation only with the consent of the owner, or purchase, gift or exchange, for the purpose of consolidation within existing boundaries of national forests within this state.
 B. Land outside of any incorporated municipality, which is being considered for acquisition by the United States for any other purpose, whether by fee or easement, may be acquired only after consent of a majority of the Legislature of the State of Oklahoma.
80 O.S. Supp. 1997, § 1 (emphasis added).
¶ 5 Oklahoma law provides that the federal government may take exclusive jurisdiction over land so obtained, although the State has specifically retained the authority to serve civil and criminal process on federal property:
 Exclusive jurisdiction in and over any lands so acquired by the United States shall be, and the same is hereby ceded to the United States for all purposes except the service upon such sites of all civil and criminal process of the courts of this state; but the jurisdiction so ceded shall continue no longer than the said United States shall own such lands.
80 O.S. 1991, § 2 (emphasis added).
¶ 6 The Oklahoma Court of Criminal Appeals has construed that, pursuant to Sections 1 and 2 of Title 80, exclusive jurisdiction applies only to land and buildings obtained pursuant to Article I, § 8, cl. 17 of the United States Constitution. State v.Cline, 322 P.2d 208, 213 (Okla.Crim.App. 1958). As recognized in a previous opinion of this office,[1] Article I, § 8, of the U.S. Constitution confers on the federal government the ability to exercise exclusive legislative jurisdiction on lands obtained in accordance with that provision. Fort Leavenworth R.Co. v. Lowe, 114 U.S. 525, 528-529 (1885). In essence, this means that the laws of the United States apply to the land so obtained to the total exclusion of the laws of the state in which the land is located. District of Columbia v. John R. ThompsonCo., 346 U.S. 100, 109 (1953). This has been construed to include the exclusion of state police protection. United Statesv. Petersen, 91 F. Supp. 209 (D.C. Cal. 1950).[2]
Nevertheless, the Supreme Court allowed that:
 The reservation which has usually accompanied the consent of the states that civil and criminal process of state courts may be served in the places purchased, is not considered as interfering in any respect with the supremacy of the United States over them, but is admitted to prevent them from becoming an asylum for fugitives from justice.
Fort Leavenworth R. Co. v. Lowe, 114 U.S. at 533.
¶ 7 Therefore, on federal property under the exclusive jurisdiction of the federal government, the State may serve process on persons located thereon, but has no authority to enforce Oklahoma laws against violations of those laws committed on such federal land. To put it another way, an act committed on land under the exclusive jurisdiction of the federal government is a crime only to the extent that federal law makes it a crime, despite any State law which would make the act a crime.
¶ 8 The federal government has constitutional and statutory authority to obtain property for federal purposes, including post offices. U.S. Const. art. I, § 8, cl. 7 and 17; 40 U.S.C. § 255. The State of Oklahoma has given its consent for the federal government to acquire land in this State. 80 O.S. Supp. 1997, §1[80-1]. The State has ceded exclusive jurisdiction to the United States over lands so acquired. 80 O.S. 1991, § 2[80-2]. In order for the federal government to obtain exclusive jurisdiction upon lands acquired after 1940, it must file written notice of such intention with the Governor of Oklahoma. 40 U.S.C. § 255. In the event the federal government takes exclusive jurisdiction, the State of Oklahoma has no authority to enforce State law for acts committed on such property.
¶ 9 While a state may reserve concurrent jurisdiction in any grant of title to the federal government, concurrent jurisdiction is subject to preemption by the Supremacy Clause. U.S. Const. art. VI; Hancock v. Train, 426 U.S. 167, 178 (1976). Title 40 U.S.C. § 255, cited above, creates a presumption against acceptance of exclusive jurisdiction by the federal government over land acquired by the federal government unless a notice of such jurisdiction is filed with the governor of the state in which the land is located. Markham v. U.S., 215 F.2d 56, 58
(4th Cir. 1954). The State of Oklahoma retains the authority to enforce State law against violations on federal property for which concurrent jurisdiction has been expressly granted by the federal government or has been retained by the State. Whether concurrent jurisdiction has been taken by the federal government over any particular post office or other property is a question of fact outside the scope of an Attorney General Opinion. 74O.S. Supp. 1997, § 18b[74-18b](A)(5).
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The State of Oklahoma has no authority to enforce Oklahomacriminal laws on United States postal properties for which theUnited States Government has exclusive jurisdiction. U.S. Const.art. I, § 8, cl. 17. The State of Oklahoma may enforce Oklahomacriminal law on United States postal properties on which theUnited States Government has not taken exclusive jurisdiction.40 U.S.C. § 255. In order for the federal government to take anyjurisdiction on property acquired in Oklahoma after 1940, it mustfile written notice of such with the Governor of Oklahoma. Id.Whether exclusive jurisdiction has been taken over any particularpost office or other property is a question of fact outside thescope of an Attorney General Opinion. 74 O.S. Supp. 1997, §18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] A.G. Opin. 79-199.
[2] However, at least one case has allowed that a state domestic relations order is effective on exclusive federal property. Cobb v. Cobb, 545 N.E.2d 1161 (Mass. 1989).