**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN AMBLER; STACY AMBLER,

       Plaintiffs - Appellees,

  v.

FLATHEAD CONSERVATION
DISTRICT,

       Defendant - Appellee,

  v.

FRIENDS OF MONTANA STREAMS
AND RIVERS,

       Intervenor-Defendant -
Appellant.

No. 25-1474

D.C. No.
9:23-cv-00151-KLD

MEMORANDUM[*]

JOHN AMBLER; STACY AMBLER,

       Plaintiffs - Appellees,

  v.

FLATHEAD CONSERVATION
DISTRICT,

       Defendant - Appellant,

No. 25-1479

D.C. No.
9:23-cv-00151-KLD

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

FRIENDS OF MONTANA STREAMS
AND RIVERS,

        Intervenor-Defendant.

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Submitted April 15, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Appellants Friends of Montana Streams and Rivers (FMSR) and Flathead Conservation District (FCD) appeal the district court's order granting Appellees John and Stacy Amblers' motion for summary judgment, and denying FMSR and FCD's cross-motions for summary judgment, on the Amblers' claim for declaratory relief. The district court concluded that FCD lacks jurisdiction to enforce the Natural Streambed and Land Preservation Act of 1975 (Streambed Act), MONT. CODE ANN. § 75-7-101 *et seq.*, against the Amblers on their private property within Glacier National Park.

We review de novo the district court's grant of declaratory relief. *Cal. Ass'n*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

*of Rural Health Clinics v. Douglas*, 738 F.3d 1007, 1011 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. In 1911, the State of Montana ceded jurisdiction to the United States over private inholdings within Glacier National Park, and the United States accepted that cession in 1914. 1911 Mont. Laws Sec. 1, Ch. 33 (codified at MONT. CODE ANN. § 2-1-205); Act of Aug. 22, 1914, ch. 264 § 1, 38 Stat. 699 (codified at 16 U.S.C. § 163). Accordingly, "federal authority became the only authority operating within the ceded area," including "privately owned lands within the described park boundaries." *Macomber v. Bose*, 401 F.2d 545, 546–47 (9th Cir. 1968). The United States has exclusive legislative jurisdiction over private inholdings within Glacier National Park, except to the extent that Montana reserved powers at the time of cession. *See Paul v. United States*, 371 U.S. 245, 264–65, 268 (1963) ("[I]f the United States acquires with the 'consent' of the state legislature land within the borders of that State . . . the jurisdiction of the Federal Government becomes 'exclusive.'" But "a State may condition its 'consent' upon its retention of jurisdiction over the lands consistent with the federal use."). In its statute ceding jurisdiction, Montana reserved only the powers to serve process and to tax within the ceded territory. MONT. CODE ANN. § 2-1-205; *see also* 16 U.S.C. § 163.

2. State law in effect at the time of cession is assimilated into federal

law.  *See Macomber*, 401 F.2d at 546.  State civil statutes enacted after the cession, however, are not assimilated into federal law unless they are part of the "same basic scheme" that has been in effect since the time of cession.  *Paul*, 371 U.S. at 269.  The Streambed Act, enacted in 1975, regulates and provides a system for approving construction along streambanks.  MONT. CODE ANN. § 75-7-101 *et seq*.  It is not part of the "same basic scheme" as the laws in effect at the time of cession that FMSR and FCD have identified.  Those laws regulated the dumping of sawmill debris in or near streams and permitted landowners to build docks and wharves along navigable waters so long as they did not impede navigation.  REV. CODES MONT. (RCM) Title XVI, Ch. 1 § 8797 (1907); RCM Ch. 35, § 1985 (1915 Supp.); RCM Ch. 38 § 1 (1915 Supp.).  The Streambed Act is not assimilated into federal law as part of the same basic scheme in effect at the time of cession.

3.     State criminal statutes are assimilated into federal law within the ceded territory even if they are enacted after the time of cession.  18 U.S.C. § 13.  As FMSR and FCD point out, the Streambed Act has a criminal component.  MONT. CODE ANN. § 75-7-123(1)(a).  However, "[a] law is not criminal[] simply because the law is enforceable by criminal as well as civil means."  *Quechan Indian Tribe v. McMullen*, 984 F.2d 304, 306 (9th Cir. 1993).  "The shorthand test is whether the conduct at issue violates the State's public policy."  *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 209 (1987), *superseded by*

*statute*, Indian Gaming Regulatory Act, Pub. L. No. 100-497, 102 Stat. 2467, *as recognized in Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782 (2014). The Streambed Act provides means for seeking approval of construction projects near streams, indicating that its intent is to regulate, rather than prohibit, such construction. *Cf. United States v. Marcyes*, 557 F.2d 1361, 1364 (9th Cir. 1977) (holding that firework laws were criminal, rather than regulatory, because their purpose was "to prohibit the[] general use and possession" of fireworks). The Streambed Act is not a criminal law and therefore was not assimilated into federal law when it was enacted in 1975.

4. Finally, FMSR argues that public policy and federalism concerns support reading the cession statutes to give Montana authority to regulate private property within Glacier National Park. These arguments do not support the application of state law where the federal government has exclusive legislative jurisdiction. Because Montana lacks concurrent legislative jurisdiction, there is no basis to apply the Streambed Act to the Amblers' property.

**AFFIRMED.**