## STANDARD OIL COMPANY OF CALIFORNIA *v.* CALIFORNIA.

No. 347.   Argued January 12, 1934.—Decided February 5, 1934.

*Mr. Vincent K. Butler, Jr.,* with whom *Messrs. Oscar Sutro* and *Felix T. Smith* were on the brief, for appellant.

*Mr. H. H. Linney,* Deputy Attorney General of California, and *Mr. U. S. Webb,* Attorney General, for appellee.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

By Ch. 267, Statutes 1923, as amended (Chs. 716 and 795, Statutes 1927), the State of California undertook to lay a license tax upon every distributor for each gallon of motor vehicle fuel " sold and delivered by him in this State " with certain exceptions not here important.

At its own expense and risk, appellant, a Delaware corporation, qualified to do business in California, sold and delivered to the Post Exchange, within the Presidio of San Francisco, 420 gallons of gasoline. It carried this to the Exchange's place of business in barrels or by tank trucks. Both sale and delivery were within the area long held and occupied by the United States for military purposes.

The State demanded of appellant three cents per gallon upon the gasoline so sold and delivered. Payment being refused, this suit followed. In the trial court the Company prevailed. The Supreme Court held to the contrary and, among other things, said—

" We thus have presented the question whether sales and deliveries of gasoline at a military reservation under the sole jurisdiction of the United States, made to the army post exchange therein, are to be excluded in fixing the license fees to be paid by the distributor under said act of the legislature. . . . It is at once conceded, as already implied, that the military reservation in question is territory over which the United States exercises sole legislative authority. . . . It is contended that, by reason of this concession, a sale consummated on it is a sale outside the state, as tho consummated in Nevada or Oregon. It is our conclusion that the manifest intention of the act was to include all sales completed within the geographical confines of the state, and for this purpose said military reservation was to be included like all other territory." [218 Cal. 123, 126]

The Presidio of San Francisco, a tract of more than fourteen hundred acres, lies between that city and the Golden Gate, and is within the exterior limits of California. Established as a military post under Spanish dominion about 1776, it continued to be so used by the Republic of Mexico until ceded to the United States in 1848 by the treaty of Guadalupe Hidalgo. An executive

order of November 6, 1850, dedicated it to public purposes; since then it has been occupied as a military reservation. By Act of March 2, 1897, California ceded to the United States exclusive jurisdiction over this area with a proviso—" That this state reserves the right to serve and execute on said lands all civil process, not incompatible with this cession, and such criminal process as may lawfully issue under the authority of this state against any person or persons charged with crimes committed without said lands." See *United States* v. *Watkins*, 22 F. (2d) 437. The State reserved to herself no power whatever in respect of taxation.

Appellant challenges the validity of the taxing act as construed by the Supreme Court. The argument is that since the State granted to the United States exclusive legislative jurisdiction over the Presidio, she is now without power to impose taxes in respect of sales and deliveries made therein. This claim, we think, is well-founded; and the judgment below must be reversed.

In three recent cases—*Arlington Hotel Co.* v. *Fant*, 278 U.S. 439, *United States* v. *Unzeuta*, 281 U.S. 138, and *Surplus Trading Co.* v. *Cook*, 281 U.S. 647—we have pointed out the consequences of cession by a State to the United States of jurisdiction over lands held by the latter for military purposes. Considering these opinions, it seems plain that by the Act of 1897 California surrendered every possible claim of right to exercise legislative authority within the Presidio—put that area beyond the field of operation of her laws. Accordingly, her Legislature could not lay a tax upon transactions begun and concluded therein.

*Arlington Hotel Co.* v. *Fant*, 278 U.S. 439, denied the power of Arkansas by legislation to modify the liability of innkeepers within a reservation ceded by her to the United States.

*United States* v. *Unzeuta,* 281 U.S. 138, affirmed the exclusive jurisdiction of the United States over crimes committed within a reservation lying within Nebraska. Jurisdiction had been ceded by the State.

*Surplus Trading Co.* v. *Cook,* 281 U.S. 647, ruled that land within Arkansas purchased by the United States for military purposes with the State's consent was under their exclusive jurisdiction. Private personal property therein was declared not subject to taxation by the State.

The principle approved in those cases applies here. A State can not legislate effectively concerning matters beyond her jurisdiction and within territory subject only to control by the United States.

The judgment of the Supreme Court must be reversed. The cause will be remanded for further proceedings not inconsistent with this opinion.

*Reversed.*