[S. F. No. 16589.  In Bank.  Mar. 12, 1942.]

CONSOLIDATED MILK PRODUCERS FOR SAN FRAN-
CISCO (a Corporation), Petitioner, v. WILLIAM B.
PARKER, as Director of Agriculture, etc., Respondent.

Bartley C. Crum and Philip S. Ehrlich for Petitioner.

Earl Warren, Attorney General, and W. R. Augustine,
Deputy Attorney General, for Respondent.

Frank J. Hennessy, United States Attorney, and William
E. Licking, Assistant United States Attorney, as Amici
Curiae, on behalf of Respondent.

TRAYNOR, J.—Three distributors of fluid milk licensed
to do business in the San Francisco marketing area have con-
tracted to sell fluid milk, at prices below those set by the
Director of Agriculture, to military agencies of the United
States in the Presidio. The Consolidated Milk Producers, an
association of milk producers for the San Francisco area,
requested the Director of Agriculture to take action to pre-
vent these sales. They also filed a verified complaint with the
director alleging that the sales violated the stabilization and
marketing plan for San Francisco and requested that a hear-
ing be held to determine whether the licenses of the offending
distributors should be revoked. The director refused to take
action on the ground that he had no jurisdiction to fix the

minimum price at which fluid milk might be sold within the Presidio. The Producers then petitioned this court for a writ of mandamus ordering the Director of Agriculture either to hold a hearing upon the complaint against the distributors, or to bring an action to enjoin their violations of the marketing and stabilization plan, or to revoke or suspend their licenses for such violations, or to lodge a criminal complaint against them in accordance with the provisions of section 737.7 of the Agricultural Code, or to bring an action in accordance with the terms of the code to recover $500 for each violation, or to take such other action as may be required by law. The United States Attorney has filed a brief as *amicus curiae* on behalf of the United States in opposition to the petition for mandamus.

The parties agree that petitioner has sought the appropriate remedy in mandamus (*Bodinson Mfg. Co.* v. *California Employment Commission,* 17 Cal. (2d) 321 [109 Pac. (2d) 935]), and that the milk control act is valid in its general application to producers and distributors in California. (*Nebbia* v. *New York,* 291 U. S. 502 [54 S. Ct. 505, 78 L. Ed. 940]; *Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal. (2d) 620, 637 [91 Pac. (2d) 577]; *Ray* v. *Parker,* 15 Cal. (2d) 275, 281 [101 Pac. (2d) 665].)

California ceded exclusive jurisdiction over the Presidio to the United States by the Act of March 2, 1897 (Cal. Stats. 1897, page 51) reserving only the right to execute civil and criminal processes therein. (See *United States* v. *Bateman,* 34 Fed. 86 [13 Sawy. 212]; *United States* v. *Watkins,* 22 Fed. (2d) 437.) The area thus became a federal territory removed from the jurisdiction of the state. (*Standard Oil Co. of California* v. *California,* 291 U. S. 242 [54 S. Ct. 381, 78 L. Ed. 775]; see 24 Cal. L. Rev. 573; Rottschaefer, Constitutional Law, secs. 71-73.)

Paragraph XII of the petition alleges that the invitation for bids was issued within the Presidio by the United States Quartermaster Supply Officer; Paragraph XIII alleges that the bids were filed in the ceded territory; and Paragraphs XV and XIX allege that the bids were accepted by the Quartermaster Supply Officer at Fort Mason. There is no allegation that the agreements were made outside the territory within an area over which the State has jurisdiction, or that the sales in question were made or are to be made outside of the territory before the delivery of the milk therein. (Cf. *Milk Control Board* v. *Eisenberg Farm Products,* 306 U. S.

346 [59 S. Ct. 528, 83 L. Ed. 752].) In fact, the offer to sell was made and accepted in the Presidio, and the contract, in the words of the petitioner, "became a contract on ceded territory." (Closing Memorandum of Petitioner, page 29.) The alleged violations relate solely to the sale of milk in the Presidio at less than the minimum prices established for the San Francisco marketing area and not to the performance of any acts in violation of law outside the Presidio. Under the law in effect at the time of the alleged violations there was no provision prohibiting the unfair trade practices now described in section 736.3 (a) (6) of the Agricultural Code. The power of the State to regulate activities within its jurisdiction that may affect activities within the Presidio (Cf. *Pacific Coast Dairy Inc.* v. *Dept. of Agriculture,* this day decided, *post,* p. 818 [123 Pac. (2d) 442]) is therefore not involved in this case.

The sole question involved in this proceeding is whether the Director of Agriculture has jurisdiction to establish minimum prices for milk sold on territory over which the United States has exclusive jurisdiction. The case of *Standard Oil Co. of California* v. *California, supra,* makes it clear that he lacks such jurisdiction. The court there declared: "In three recent cases—*Arlington Hotel Co.* v. *Fant,* 278 U. S. 439 [49 S. Ct. 227, 73 L. Ed. 447] ; *United States* v. *Unzeuta,* 281 U. S. 138 [50 S. Ct. 284, 74 L. Ed. 761], and *Surplus Trading Co.* v. *Cook,* 281 U. S. 647 [50 S. Ct. 455, 74 L. Ed. 1091]—we have pointed out the consequences of cession by a State to the United States of jurisdiction over lands held by the latter for military purposes. Considering these opinions, it seems plain that by the Act of 1897 California surrendered every possible claim of right to exercise legislative authority within the Presidio. . . . Accordingly, her Legislature could not lay a tax upon transactions begun and concluded therein. . . . A state cannot legislate effectively concerning matters beyond her jurisdiction and within territory subject only to control by the United States." (See, also, *Collins* v. *Yosemite Park & Curry Co.,* 304 U. S. 518 [58 S. Ct. 1009, 82 L. Ed. 1502].)

The alternative writ of mandamus is discharged and the petition for a peremptory writ is denied.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Houser, J., and Carter, J., concurred.