**CAPETOLA et al. v. BARCLAY WHITE CO.**

No. 8360.

Circuit Court of Appeals, Third Circuit.
Argued October 18, 1943.
Decided Dec. 22, 1943.

John J. McDevitt, Jr., of Philadelphia, Pa. (Leon Rosenfield of Philadelphia, Pa., on the brief), for appellants.

Joseph W. Henderson, of Philadelphia, Pa. (Rawle & Henderson and Harrison G. Kildare, all of Philadelphia, Pa., on the brief), for appellee.

Before JONES, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

JONES, Circuit Judge

The basic question raised by this appeal is whether the Pennsylvania State Workmen's Compensation Act[1] applies to an employee who was injured while working on a building which his private employer was helping to construct at the Philadelphia Navy Yard. If the State Act does so apply, then the judgment entered by the District Court, which denied the employee a recovery in trespass against the employer's general contractor, the subcontracting employer having answered in compensation, should be affirmed without regard for the further grounds urged by the appellee in support of the judgment. The following are the facts material to the principal question:

The defendant company was the general contractor for the erection of a building in the Philadelphia Navy Yard. It sublet the specified brick and tile work to John B. Kelly, Inc., a Pennsylvania corporation having its principal office and place of business in the city of Philadelphia. Capetola, the minor plaintiff, was an employee of the Kelly company. While so employed as a bricklayer's helper in the construction of the brick work of the building, Capetola was injured by the sudden dropping of a hoist then being used by the Kelly company to raise bricks from the ground to an upper floor level of the building. The hoist, which was operated by an employee of the defendant, had been erected by the defendant but its use, when required, was available to the subcontractors under an arrangement whereby they furnished the gasoline for the engine while the hoist was being operated for their benefit and also paid the operator for any overtime in connection with such work.

As required by the subcontract between the defendant and the Kelly company, the latter carried workmen's compensation

---

[1] The Act of June 2, 1915, P.L. 736, as amended by Acts of April 26, 1929, P.L. 829, April 29, 1929, P.L. 853, June 4, 1937, P.L. 1552, and June 21, 1939, P.L. 520, 77 P.S. § 1 et seq.

insurance on its employees engaged in the work which it was performing for the defendant; and, after the injury here involved, Capetola, the Kelly company and the latter's insurer entered into a compensation agreement in favor of Capetola which was filed with the State Workmen's Compensation Bureau. Under that agreement, Capetola was paid his medical expenses and a weekly compensation as prescribed by the Pennsylvania compensation statute.

Thereafter the instant suit for damages in behalf of the minor plaintiff and his parents against the Barclay White Company, the general contractor, was instituted on the theory that that company's alleged negligence was the cause of the minor plaintiff's injury and that the Pennsylvania Workmen's Compensation Act, whereby the general contractor would otherwise be relieved from liability because of the subcontractor's obligation to pay and payment of compensation, was not applicable, the injury having occurred on property under the exclusive control of the federal government.

The trial court reversed the latter question and submitted the case to the jury on the questions of negligence and whether the hoist operator was a loaned servant of the subcontractor, Capetola's employer. The jury returned separate verdicts in substantial amounts for the minor plaintiff and for his parents. The trial court decided the question of law reserved adversely to the plaintiffs' contention and entered judgment for the defendant n.o.v., from which the plaintiffs took the present appeal.

The Philadelphia Navy Yard lies within the exterior boundaries of Pennsylvania and embraces property formerly subject to the jurisdiction of that State. By appropriate Acts of the Pennsylvania legislature[2] and of Congress,[3] Pennsylvania ceded jurisdiction of the site occupied by the Navy Yard to the United States in 1868. Thenceforth the federal government exercised exclusive jurisdiction over the area as contemplated by the Acts effecting the cession[4] and in conformity with the Constitution of the United States.[5]

After a State's cession of land within its borders to the exclusive jurisdiction of the United States, the area is beyond the operation of the State's laws as such. Standard Oil Company v. California, 291 U.S. 242, 245, 54 S.Ct. 381, 78 L.Ed. 775. While the local laws in effect at the time of the cession of jurisdiction to the United States continue in force in the ceded territory as federal laws except where they are inappropriate to the changed situation or are inconsistent with federal law (James Stewart & Co. v. Sadrakula, 309 U.S. 94, 99, 60 S.Ct. 431, 84 L.Ed. 596, 127 A.L.R. 821; Chicago, Rock Island & Pacific Railway Company v. McGlinn, 114 U.S. 542, 546, 5 S.Ct. 1005, 29 L.Ed. 270, laws enacted by a State subsequent to its cession of jurisdiction to the United States are without force in the ceded area unless they be given effect by an Act of Congress. Arlington Hotel Company v. Fant, 278 U.S. 439, 445, 446, 49 S.Ct. 227, 73 L.Ed. 447. We necessarily turn, therefore, to what the federal law relevantly provides or affords as redress for the minor plaintiff's injury. Concededly, the law of the place where the alleged wrong was inflicted governs the rights of the parties. Restatement, Conflict of Laws (1934) § 378.

The Pennsylvania Workmen's Compensation Act was passed in 1915. It is clear, therefore, that if, under the circumstances of this case, it furnishes the exclusive remedy for the injury suffered by the minor plaintiff, it is because Congress has so allowed. That is precisely what we believe Congress both intended and accomplished by the Act of June 25, 1936,[6] which provided in part here material that the constituted authorities in each of the several States charged with the enforcement of State workmen's compensation laws " * * * shall have the power and authority to apply such laws to all lands and premises owned or held by the United States of America by deed or act of cession, by purchase or otherwise, which is within the exterior boundaries of any State * * * in the same way and to the same extent as if said premises were under the exclusive jurisdiction of the

---

[2] Acts of February 10, 1863, P.L. 24, and of April 4, 1866, P.L. 96, 74 P.S. § 1 note.

[3] Act of February 18, 1867, 14 Stat. 396.

[4] There was the usual reservation in one of the Pennsylvania Acts (April 4, 1866, P.L. 96) of the right to serve with-

in the Navy Yard civil and criminal process issuing out of the State courts.

[5] U.S.Const. Art. 1, Sec. 8, cl. 17.

[6] Act of Congress of June 25, 1936, c. 822, §§ 1, 2, 49 Stat. 1938, 1939, 40 U.S. C.A. § 290.

State within whose exterior boundaries such place may be." For these purposes, the Act further provided that "the United States of America hereby vests in the several States within whose exterior boundaries such place may be, insofar as the enforcement of State workmen's compensation laws are affected, the right, power, and authority aforesaid: * * *."

Exclusive of the question, which we need not now consider, as to whether the plaintiff employee's work in the Navy Yard came within the extra-territorial provision of the Pennsylvania Workmen's Compensation Act as amended in 1929, it must be conceded that, except for the effect of the Act of Congress above cited, the State Workmen's Compensation Act was inoperative with respect to injuries received by private employees while working within the Philadelphia Navy Yard. Cf. Haggerty v. O'Brien Brothers, 1920, 21 Luz.Reg.Rep., Pa., 7. The appellants contend that, notwithstanding the federal enactment of 1936, the State compensation law still remains inoperative under the circumstances here obtaining because the Act of Congress did not adopt the local Act as federal law but was merely an offer to the several States to extend the effect of their compensation laws to federal territory within their exterior boundaries, and that Pennsylvania has not yet formally evidenced an intention to so extend its compensation law.

■ It is, of course, patent from a reading of the Act of 1936 that Congress did not thereby adopt State Compensation Acts as federal law applicable to federal territories within the exterior boundaries of the States. But it is our opinion that the purpose and effect of the congressional Act was to free State workmen's compensation laws from the restraint upon their enforcement theretofore existing by reason of the exclusive federal jurisdiction of lands within the States and that, forthwith upon the federal enactment, Pennsylvania's Workmen's Compensation Act became operable as to injuries received by employees of private employers on federal property within the State's exterior boundaries. The situation created by the Act of 1936 was no different, so far as the operation of Pennsylvania's compensation law is concerned, than it would have been had Pennsylvania never ceded jurisdiction of the Navy Yard site to the federal government. It was, therefore,

unnecessary for the Pennsylvania legislature to declare formally, after the passage by Congress of the Act of 1936, that henceforth injuries received on federal property within the exterior boundaries of the State by employees of private employers should be subject to the operation of the State Workmen's Compensation Law. That situation had been achieved when the Act of Congress removing the restraint upon the enforcement of State compensation laws was enacted. The statement in State v. Ranier Nat. Park Co., 192 Wash. 592, 74 P.2d 464, 467, that the congressional Act of 1936, cited supra, required legislative sanction by the State was confessedly a pure dictum. Cf. Young v. G. L. Tarlton, Contractor, Inc., 204 Ark. 283, 162 S.W.2d 477, 478.

■ As indicated by Sec. 1 of the State Workmen's Compensation Act, from the outset (1915) Pennsylvania has legislated in that connection with a view to bringing within the scope of the Act "all accidents [to employees] occurring within this Commonwealth." No territory within the exterior boundaries of the State was excluded by the Act from its purview. Of course, wherever exclusive federal jurisdiction over any area within the State existed, the State Act was inapplicable, but, in such instance, the law merely lay in abeyance "until a proper occasion for its exercise" occurred. Cf. Farmers' & Mechanics' National Bank v. Dearing, 91 U.S. 29, 34, 23 L.Ed. 196. At all times there has been present in the Pennsylvania Compensation Act an intent that it be effective as to all against whom it could be applied. And, if reaffirmation of that intent, following the Act of Congress of 1936, be required, we have that also in the amendments of the Compensation Act in 1937 and 1939, cited in footnote 1 supra, each of which amendments expressly reënacted Sec. 1 of the Act containing the sweeping provision above quoted as to the Act's application to "all accidents occurring within this Commonwealth."

■ We conclude, therefore, that, under the circumstances of this case, Pennsylvania's Compensation Act provides the exclusive remedy for the injury to the minor plaintiff. That being so, no right of action against the general contractor for negligence continues at common law, the subcontracting employer having paid the employee compensation as the law of the

State required and as the contract between the employer and the general contractor specified. In such circumstances, the payment of compensation bars an action at common law against the general contractor for negligence as well as any similar action against the employing subcontractor. Swartz v. Conradis, 298 Pa. 343, 346, 347, 148 A. 529; Robinson v. Atlantic Elevator Co., 298 Pa. 549, 552, 148 A. 847.

In the view we thus take of the case it is unnecessary for us either to consider or pass upon the appellee's further contentions that, even without the Act of Congress of 1936, the minor plaintiff was subject to the State Workmen's Compensation Act as an employee injured while in the performance of work beyond the territorial limits of the State for a period not exceeding ninety days or that the plaintiffs failed to prove the defendant negligent.

The judgment of the District Court is affirmed.