### CITY OF ANCHORAGE v. AKERS.

#### No. A–7061.

United States District Court
D. Alaska, Third Division.

Oct. 10, 1951.

Hellenthal, Hellenthal & Cottis, Anchorage, Alaska, for plaintiff.

Harold J. Butcher, George Grigsby, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

On July 30, 1951, the defendant-appellant, hereinafter referred to as the appellant, was convicted in the municipal court of Anchorage, Alaska, for a willful failure to file a personal property return, and fined $50. On appeal to this court, the appellant challenges the city's power to tax, on the grounds:

(1) That the order of this court of November 23, 1920, incorporating the town of Anchorage, is void because it fails to describe the boundaries thereof, and

(2) That if said order is not void, then that the area known as Government Hill in which appellant resides, could not lawfully have been included within the corporate limits of Anchorage because it is part of the area set aside by Executive Order No. 2242 of the President of the United States, as a reserve for the Alaska Railroad, which was carved out of the area previously reserved for Anchorage town site.

In support of this contention it is asserted that the City of Anchorage, in recognition of its lack of jurisdiction over the area in controversy, exercised no municipal function therein for the 20 years preceding 1945 and, moreover, that there has been no acquiescence by the residents of the area in the present claim of the City to jurisdiction over the area.

By Executive Order No. 1919½ made by the President on April 21, 1914, a large area was set aside for townsite purposes under the Act of March 12, 1914, 38 Stat. 305, 48 U.S.C.A. § 303, authorizing the construction of the Alaska Railroad. By Executive Order No. 2242 of August 31, 1915, certain areas were carved out of the townsite reserve, and reserved for railroad and townsite purposes. Among them was an area designated as the Alaska Railroad Terminal Reserve which includes the area now known as Government Hill.

By order of this court of November 23, 1920, incorporating the Town of Anchorage, Government Hill, among other areas, was included within the corporate limits. The file in that proceeding discloses that a description of the boundaries of the proposed municipality was set forth in the petition for incorporation and the order for an election thereon, but that the order of incorporation itself, although it recites the steps leading up to the order, and refers particularly to the order for the election, does not contain a description of the boundaries. An examination of the Statute governing the incorporation of municipalities in effect at that time, Section 624–5, C.L.A.

1913, discloses the lack of any requirement that the boundaries be described in the order of incorporation.

The appellant, however, contends that in the absence of a statutory requirement of this kind the matter is governed by common law and that an omission of this kind cannot be cured except by an express reference to the petition and adoption of the description as set forth therein, and in support thereof cites 2 McQuillin on Municipal Corporations 256 et seq. This so-called exception appears in the final sentence of Sec. 7.04, page 261. But its language and context clearly show that it does not attempt to state an all-embracing exception, but is merely illustrative. It is based on State ex rel. Holcomb v. Inhabitants of Pocatello, 3 Idaho, 174, 28 P. 411, which held that although the statute required a description of the boundaries in the order of incorporation, a reference to the petition which contained such description was a sufficient compliance because the petition and order were in pari materia and therefore required to be construed together. In the case at bar there was a like reference in the order of incorporation itself to the petition which contained a description of the boundaries. There is no persuasive force to appellant's argument that merely because this reference is not couched in legalistic phraseology which over the years might have acquired a more precise meaning, a different principle should be applied. To do so would be to exalt form over substance and make important rights turn on mere verbal differences. I conclude, therefore, that the order of November 23, 1920, incorporating the town of Anchorage, is valid.

In support of the second ground, appellant argues that implicit in the order carving the railroad reserve out of the original townsite reserve, is the intent that the area embraced thereby should not thereafter be included within the corporate limits of Anchorage. This conclusion does not necessarily follow. It appears reasonably clear that the purpose of Executive Order No. 2242 was to withdraw the area described from settlement, location, entry and all other forms of appropriation, and reserve it for use in connection with the operation and maintenance of the Alaska Railroad. Manifestly the right to include such an area within a municipality depends not on source or kind of title, but upon whether its inclusion would interfere with the purposes for which the area was set aside. Day v. City of Salem, 65 Or. 114, 131 P. 1028, 1030; City of Witchita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 154 A.L.R. 1434; 2 McQuillin 307, Sec. 7.18. Appellant also suggests the absurdity of the notion that a municipality may exercise its ordinary functions in military and like reservations. But this argument overlooks the fact that the Constitution contemplates the coexistence of state and federal governments, side by side, each supreme within its sphere. The line of demarcation between the two is, in certain situations, often nebulous, with an overlapping of jurisdiction and consequent controversy. But it should be noted that in each case the determinative factor is encroachment in the constitutional sense, and the ultimate question is not whether the two function within the same area, but whether there is an interference with the functions of one or the other. Here the inquiry is whether the exercise of the power to tax personal property of residents within the railroad reserve is incompatible with the functions of the United States or the accomplishment of the purposes for which the area was set aside. That a state or a political subdivision thereof could not obviously be permitted to exercise its functions within a military reservation in the occupation of the armed forces of the United States does not detract in the slightest from the applicability of the test referred to to other reservations. It is not perceived, nor does the appellant point out, how the taxation of the personal property of the residents in the railroad reserve would interfere with the United States in its operation or maintenance of the railroad. Cf. Silas Mason Co. v. Tax Commission, 302 U.S. 186, 58 S. St. 233, 82 L.Ed. 187; James v. Dravo, 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155; Oklahoma Tax Commission v. Texas Co., 336 U.S. 342, 69 S.Ct. 561, 93 L.Ed. 721. Ap-

pellant's argument that personal property in the offices of federal officers and employees within the reserve, is immune from taxation not only discloses a misconception of the law, but assumes the very point to be decided. It would make every federal reservation a sanctuary for federal personnel not unlike that accorded foreign diplomats. It would serve no useful purpose to pursue this alluring fantasy into all its possible ramifications. The analogy asserted is not a true one and does not merit serious consideration or extended discussion. It may, however, be noted in passing that the trend of Supreme Court decisions is to restrict and abrogate tax immunity rather than to extend it.

The contention that the City has not exercised its functions in the area involved for the 20 years preceding 1945, while it might have furnished adequate basis for a mandamus suit against the city, is wholly irrelevant to the question whether the area is within the corporate limits. Equally unavailing and illusory is the argument that non-acquiescence by the residents of Government Hill in the claim that the boundaries of the city included that area suffices to exempt them from taxation. Nor is there any support for appellant's contentions in Berger v. Ohlson, 120 F.2d 56, 10 Alaska 84. The language cited hardly rises to the plane of obiter dicta on the questions here involved, and the decision does not touch the points in controversy here. It is true that in the course of the opinion in that case expressions occur which lend color to appellant's contentions, but these are beyond the questions involved and hence do not fall within the rule of stare decisis.

Accordingly, I am of the opinion that the area known as Government Hill was lawfully included within the corporate limits of the City of Anchorage and that the City possesses the power to tax personal property of the residents of that area. Thomas v. Gay, 169 U.S. 264, 18 S.Ct. 340, 42 L.Ed. 740; Surplus Trading Co. v. Cook, 281 U.S. 647, 650–1, 656, 50 S.Ct. 455, 74 L. Ed. 1091; City of Witchita Falls v. Bowen, Day v. City of Salem, supra.