**ROGERS CONST. CO. v. ALASKA IN- DUSTRIAL BOARD et al.**

**No. 6890–A.**

District Court, Alaska.
First Division, Juneau.
November 3, 1953.

Adhered to on Rehearing Feb. 8, 1954.

**66**

Robert Boochever, Juneau, Alaska, for plaintiff.

William L. Paul, Jr., Juneau, Alaska, for defendants Davis.

FOLTA, District Judge.

This is an appeal from the decision of the Alaska Industrial Board, awarding the defendants, nondependent parents of their son David, $1995 for his death.

The decedent met his death on June 11, 1952, in the course of his employment in the reconstruction of the Glenn Highway, under contract between his employer and the United States. On March 13, 1953, the Board, concluding that the Defense Bases Act, 42 U.S.C.A. § 1651, applied and that therefore it was without jurisdiction, dismissed the defendants' claim for compensation. Thereafter, it appears that an award of $400, the amount allowable for death in the circumstances of this case under the federal act, was made by the Deputy Commissioner. The defendants refused this award and submitted a second claim to the Board which, on July 31, 1953, held that the local act applied and made the award referred to.

The plaintiffs contend (1) that the award of the Board was upon a rehearing which it has no power to grant, and (2) that the federal act is exclusive. The defendants contend that the assumption of jurisdiction previously declined does not constitute a rehearing and that the federal act is not applicable because Glenn Highway is not "public work" as that term is defined in subd. (b) of Sec. 1651, for the reason that that highway is not "for public use of the United States".

A rehearing implies a re-examination and reconsideration. In the absence of a showing on the part of the defendants that the nature of the proceeding upon the second application was essentially a rehearing, so as to make the doctrine of Suryan v. Alaska Industrial Board, 12 Alaska 571, applicable, there is nothing to rebut the presumption that the Board properly performed its func-

tions and heard evidence of jurisdictional facts not presented in support of the first claim, from which I conclude that there was no rehearing in the strict sense.

Section 1651, so far as material, provides that the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., shall apply in respect to the injury or death of an employee in any employment

> "(3) upon any *public work* in any Territory or possession outside the continental United States * * * if such employee is engaged in employment at such place under the contract of a contractor * * * with the United States * * *.
>
> "(b) As used in this section, the term 'public work' means any fixed improvement or any project involving construction, alteration, removal, or repair *for public use of the United States* or its Allies, including but not limited to projects in connection with the war effort, dredging, harbor improvements, dams, roadways, and housing, as well as preparatory and ancillary work in connection therewith at the site or on the project." (Italics supplied.)

The principal controversy is over the meaning of the words "public use of the United States", as set forth in the definition of the term "public work", and much of the briefs is devoted to a discussion of various matters such as the ownership and relative use of the highway and the right of way, and other related matters—all of which the Court deems of no significance. I can not believe that Congress intended that the applicability of the Act to an admittedly federal project or work should depend on the subsequent, and perhaps fortuitous, distribution, relinquishment or non-user of authority, functions or duties in connection with the maintenance of the highway or on the assump-

tion by the Territory of authority to police and regulate it, or upon the extent of use thereof by the Territory and the United States. The project was initiated and conducted as a federal job upon a federal highway, Rogge v. United States, 9 Cir., 128 F.2d 800, certiorari denied 317 U.S. 656, 63 S.Ct. 54, 87 L. Ed. 528, and its identity as such should not be permitted to be obscured by dialectics. The argument as to relative use proceeds upon the mistaken assumption that the meaning of the statutory definition of "public work" depends on whether the predominant use of the highway is by local or federal authority. To pursue this inquiry is to pursue a will-o'-the-wisp which would inevitably lead us into terra incognita and another twilight zone morass, with this difference—that whereas such a consequence is unavoidable in the resolution of conflicts between admiralty jurisdiction and state powers, here it is not only not necessary, but irrelevant.

Accordingly, I am of the opinion that the decision of the Board should be reversed.