**ROGERS CONST. CO. et al.**

v.

**ALASKA INDUSTRIAL BOARD et al.**

No. 6890–A.

District Court, Alaska
First Division, Juneau.
Feb. 8, 1954.

Robert Boochever of Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiffs.

William L. Paul, Jr., Juneau, Alaska, for defendants Davis.

FOLTA, District Judge.

Implicit in this court's earlier decision in this case, D.C., 116 F.Supp. 65, reversing the award of the Board, was an adverse disposition of the defendants' counter-claim. They now seek a rehearing on the ground that since the coverage

of the contract between the employer and the United States was broader than that of the Defense Bases Act, 42 U.S.C.A. § 1651, held to be exclusive in the decision referred to, the local act governs. The pertinent provision upon which this contention is predicated is that:

"The contractor shall obtain workmen's compensation insurance in accordance with the requirements of the laws of the state in which work is to be performed in case the constituted authority of such state shall apply such laws to this project. In the event such laws do not apply to the project, the contractor shall provide workmen's compensation insurance equal at least to that required by the laws of the state for other work."

The parties stipulated that at the time of decedent's death, the provisions of the Defense Bases Act (which incorporates by reference the Longshoremen's and Harbor Worker's Act, 33 U.S.C.A. § 901 et seq.) were more liberal than those of the Alaska Workmen's Compensation Act. Since then, however, it has been discovered that the Alaska act is more liberal in respect of non-dependent beneficiaries.

In order to overcome the effect of the stipulation and to obtain the benefit of the more liberal provision of the Alaska Compensation Act, defendants contend that they are third-party beneficiaries of the contract between the employer and the United States and that the quoted provision, which it should be noted has been extracted from a mass of specifications comprising 507 pages of fine print, entitles the defendants as non-dependent beneficiaries, to the same benefits they would have received under the local act.

The questions presented are:

(1) Whether defendants are third-party beneficiaries of the contract, and, if so, whether they are entitled to sue thereon;

(2) Whether the quoted provision was intended to apply to federal projects in Alaska;

(3) Whether Congressional intent that the Defense Bases Act be exclusive may be overridden by contract; and

(4) Whether the Defense Bases Act is "equal at least" to the provisions of the Alaska Compensation Act, within the meaning of the employment contract.

■ It appears that the provisions of the Longshoremen's and Harbor Worker's Act, on the whole, were more liberal than the provisions of the Alaska Compensation Act in force at the time of the fatal injury, and the parties have so stipulated, except in respect of the amount awardable to non-dependent beneficiaries. But aside from the fact that it does not necessarily follow that, because of that difference, the protection extended by the federal act is not "equal at least" to that of the local act, it is not necessary to decide this point or the question whether the dependents are third-party beneficiaries, in view of the conclusion reached that the provision under discussion was not intended to apply to federal construction projects in Alaska and that Congress intended the federal act to have exclusive application to such projects in any territory or possession outside of continental United States.

■ It is, of course, clear that the provision referred to was intended to apply to federal works in states whose local compensation acts do not cover federal projects, 43 Am.Jur. 745, Sec. 4; Capetola v. Barclay White Co., 3 Cir., 139 F.2d 556, 153 A.L.R. 1046, certiorari denied, 321 U.S. 799, 64 S.Ct. 939, 88 L. Ed. 1087, even though Congress has enabled the states to apply local compensation laws to United States lands and property located within the state. 40 U.S.C.A. § 290. Since the enabling act does not compel state action, it was still possible for the state legislature or state courts to decide that state compensation statutes were not applicable to federal projects, hence a contract provision of the kind here dealt with was necessary for the protection of the worker. But in the Territory, over which Congress has plenary power, the situation is entirely

different, and it can hardly be doubted that by enacting the Defense Bases Act, Congress intended to avoid the problem which was unavoidable in the states, otherwise it could have allowed the Alaska Compensation Act to apply to federal projects.

Since I have previously held that the federal act was intended to have exclusive application to federal projects in the territories and possessions, it follows that this intent may not be overridden or circumvented by contract, particularly a provision such as that under discussion here which was obviously designed to apply only to such projects in the states.