252 F.2d 412
 CITY OF ANCHORAGE, a Municipal Corporation, Appellant,
v.
CHUGACH ELECTRIC ASSOCIATION, Inc., Appellee.
ANCHORAGE INDEPENDENT SCHOOL DISTRICT, Appellant,
v.
CHUGACH ELECTRIC ASSOCIATION, Inc., Appellee.
 No. 15231.
 No. 15232.
 United States Court of Appeals Ninth Circuit.
 February 6, 1958.
 Rehearing Denied March 11, 1958.
 
 COPYRIGHT MATERIAL OMITTED James M. Fitzgerald, City Atty., Anchorage, Alaska, E. L. Arnell, Anchorage, Alaska, for appellants.
 J. Earl Cooper, Anchorage, Alaska, for appellee.
 Before DENMAN, POPE and BARNES, Circuit Judges.
 BARNES, Circuit Judge.
 
 
 1
 The City of Anchorage, Alaska, is a municipal corporation,[1] and the Anchorage Independent School District is a public corporation.[2] Each is authorized to levy real and personal property taxes on property situated within their respective boundaries.[3] Taxes were levied and assessed upon appellee, the Chugach Electric Association, Inc., a nonprofit cooperative association, organized under Alaskan Law to participate under the Rural Electrification Act of 1936 (as amended), 7 U.S.C.A. § 901 et seq., for the year 1954. These taxes went unpaid and became delinquent. In accordance with the involved and somewhat unique procedures established by the territorial legislature for the collection of delinquent taxes,[4] the delinquent tax rolls were presented to the District Court for the District of Alaska, Third Division, for judgment and order of sale of the property. The cause was heard, judgment entered, and sale ordered. Appellee then filed motions to dismiss the judgment and set aside the order of sale. The cases were consolidated for determination of the motions, arguments had, and an opinion granting appellee's motion filed on May 9, 1956.
 
 
 2
 Three grounds were urged by appellee in support of its motion to dismiss:
 
 
 3
 (1) The cooperative association is a governmental instrumentality and therefore not taxable.
 
 
 4
 (2) The property of the association is located wholly within the Alaska Railroad Reserve, with title thereto in the federal government, and therefore is not taxable.
 
 
 5
 (3) The cooperative has been granted specific immunity from taxation by the Territorial Legislature. The District Court decided the case in appellee's favor on the third ground stated, that being determinative.
 
 
 6
 Appellants challenge the holding of the District Court[5] that Chapter 10, Session Laws of Alaska 1949, was a codification of all taxing statutes, thereby granting, under § 6(b), an exemption from municipal and school district taxes to associations operating utilities under arrangement with the Rural Electrification Administration; and further, that Chapter 33, S.L.A. 1953, grants appellee an exemption from these taxes.[6] We are thus presented with the question whether, under the statutes now in force in the Territory of Alaska, the Chugach Electric Association, an association operating under arrangement with the Rural Electrification Administration, is exempt from taxes lawfully imposed by municipalities and independent school districts.
 
 
 7
 * Codification
 
 
 8
 Under the Organic Act of 1912[7] the Congress of the United States authorized the levy of property taxes by the Territory of Alaska[8] and by incorporated municipalities within the Territory.[9] Pursuant to the latter authority, a general tax for school and municipal purposes was enacted by the territorial legislature in 1913.[10] With certain revisions, here inapplicable, the power of municipalities and school districts to levy taxes remained substantially the same up to 1949.[11]
 
 
 9
 The Territory of Alaska did not invoke its power to tax, given it in 1912, until 1949. In that year the legislature enacted the Alaska Property Tax Act, Chapter 10, S.L.A.1949. It is this Act which lies at the heart of the instant case. The pertinent parts thereof are as follows:
 
 
 10
 "Chapter 10
 
 
 11
 "An Act
 
 
 12
 "Levying a tax on property in Alaska; providing for collection thereof, and allowing certain exemptions; defining offenses and prescribing penalties; and declaring an emergency.
 
 
 13
 "Be it enacted by the Legislature of the Territory of Alaska:
 
 
 14
 * * * * * *
 
 
 15
 "Section 3. Levy of Tax. For the calendar year of 1949, and each calendar year thereafter there is hereby levied, and there shall be assessed, collected and paid, a tax upon all real property and improvements and personal property in the Territory at the rate of one per centum of the true and full value thereof. * * *
 
 
 16
 "Section 4. Tax Upon Property Within Incorporated Cities And Districts. The tax levied under the provisions of Section 3 upon the property within the limits of an incorporated city or town, independent school district or incorporated school district in the Territory shall be assessed, collected and enforced in the manner prescribed by the property tax law of the municipality or district, by and at the expense of the municipalities and districts prorated proportionately between each, provided that amounts levied but which prove uncollectible, and the cost of foreclosure on delinquent accounts shall be borne by the city or school and public utility district.
 
 
 17
 "All of the tax levied under this Act which is so collected shall be remitted to such municipalities or school districts as follows:
 
 
 18
 * * * * * *
 
 
 19
 "(c) As to cities which are part of an independent school district the amount of taxes collected shall be turned over to the city treasurer. The city treasurer is hereby authorized and empowered to turn over to the school board such part of the funds collected as may be determined by the city council from time to time necessary to efficiently carry on school functions in said school district. Such cities may assess and collect an additional tax on real and personal property situated in said cities not to exceed the amount allowed by law, which tax shall be assessed and collected at the same time and in the same manner as the tax provided in Section 3 of this Act, which said funds shall be used by said cities for general municipal purposes. * * *
 
 
 20
 * * * * *
 
 
 21
 "Section 6. Exemptions.
 
 
 22
 * * * * *
 
 
 23
 "(b) The property of * * * any * * * association operating utilities under arrangement with the Rural Electrification Administration, shall be exempt hereunder.
 
 
 24
 * * * * *
 
 
 25
 "(h) Industrial Incentive Clause: The Tax Commissioner is authorized to grant incentive exemptions hereunder and in the manner and to the extent hereinafter set forth: * *." [Emphasis added.]
 
 
 26
 If the provisions of Chapter 10, S.L.A.1949, above quoted, were a codification of all the property taxation laws of the Territory of Alaska, as the court below found, the result would be that the provisions of § 6 applied to all taxes levied, whether the 1% levied by Chapter 10, or the 3% levied by other taxing units under their statutory authority. Admitting that codification may take place without specific reference to the statutes being codified and without a general statement that a codification is intended, we cannot agree with the conclusion that the Alaska Property Tax Act of 1949 constituted such a codification. "[T]hose who seek an exemption from a tax must rest it on more than a doubt or ambiguity." United States v. Stewart, 1940, 311 U.S. 60, 71, 61 S.Ct. 102, 109, 85 L.Ed. 40.
 
 
 27
 Relying on the fact that the 1949 Act taxed all property within the Territory and that the tax collected pursuant thereto within municipalities or school districts was to be remitted to said municipalities or districts,[12] the court below concluded that, "it cannot be said that the legislature intended that the 1% authorized by this act would be in addition to that authorized to the municipalities and independent school districts enumerated above." We cannot see why this is so, and do not agree. Congress, in the Organic Act of 1912, contemplated separate and cumulative taxation by the Territory and local units. Originally there was authorized a 2% tax by the latter, and a 1% tax by the former; this has now been increased to 3% and 2% respectively.[13] The increase was approved by Congress in 1948; thus at the time Chapter 10, S.L.A.1949, was enacted there could have been a maximum property tax of 5% of assessed value. Assuming taxes by local units were at their allowable maximum of 3%,[14] the total amount of taxes imposed would be well below the maximum decreed by Congress.
 
 
 28
 School and municipal taxing statutes long ante-date the territorial tax.[15] Such a statute existed at the date the Territorial Property Tax Act was passed, was amended at the same session of the legislature which enacted the territorial tax,[16] and was amended, not re-enacted, by the same 1953 legislature which repealed the territorial property tax.[17]
 
 
 29
 "When all the acts are viewed as a whole and construed together," the legislative intent is clearly not that of codification. It bespeaks of an additional tax imposed by the Territory for territorial purposes, one of which was use of the tax collected within municipalities and school districts by those respective units.[18]
 
 
 30
 It should be further noted that the exemptions authorized by § 6 of Chapter 10 are exemptions from the tax imposed "hereunder." The only tax "imposed" by Chapter 10 is the 1% tax on all property within the Territory. § 4(c) of Chapter 10 allows local units to impose "an additional tax * * * not to exceed the amount allowed by law." It is logical to assume that in enacting the quoted portion of § 4(c) the legislature was aware of the various statutes authorizing local units to impose property taxes. (These have already been mentioned.) Thus it is apparent that the legislature itself contemplated the other taxes then in force and added a new 1% territorial property tax thereto, for which various exemptions were designated.
 
 
 31
 The net result of Chapter 10 was to impose a 1% tax on all property within the Territory, exempting therefrom certain property as listed in § 6. Such property, wherever located, including the property of associations operating utilities under arrangement with the Rural Electrification Administration, § 6(b), was exempt from the 1% tax, but was not exempt from whatever property taxes were imposed by local taxing units on property located therein.
 
 II
 Effect of Repeal and Present exemptions
 
 32
 Whatever may have been the scope of the tax imposed and exemptions allowed by Chapter 10, S.L.A.1949, that statute was not applicable to the taxes here in issue which were levied and assessed for the year 1954. Chapter 10 was repealed by Chapter 22, S.L.A.1953.[19] Shortly thereafter, there was enacted Chapter 33, S.L.A.1953, upon which appellee relies and which is here quoted in pertinent part:
 
 
 33
 "Chapter 33
 
 
 34
 "An Act
 
 
 35
 "Authorizing and empowering Cities, Municipalities, School Districts, Public Utility Districts and other taxing units to classify property for the purpose of taxation and authorizing the granting of exemptions to certain classes of property; making exemptions granted and classifications made under Chapter 10, Sessions Laws of Alaska, 1949, binding upon such taxing units; and declaring an emergency.
 
 
 36
 "Be it enacted by the Legislature of the Territory of Alaska:
 
 
 37
 "Section 1. All municipalities * * * and independent school districts * * * having power to tax real and personal property, are hereby authorized and empowered to classify property for the purpose of taxation and to grant exemptions therefrom for the periods herein prescribed to certain classes of property as follows:
 
 
 38
 * * * * * *
 
 
 39
 "Section 3. All exemptions granted * * * and all classifications heretofore made under the provisions of Section 6, Chapter 10, Session Laws of Alaska 1949, shall remain in full force and effect upon the terms and for the periods granted, and shall be binding upon the Territory, and all * * * municipalities, school districts * * * in which the property which is the subject of classification or exemption is situated, and the exemptions granted and classifications so made shall apply to all taxes levied and assessed by the * * * municipality, school district * * * where the property is situated, as fully as though they had been granted under this Act. The purpose and intent of this section is to carry into practical effect all classifications made and exemptions granted under the provisions of Chapter 10, Session Laws of Alaska 1949.
 
 
 40
 "Section 4. It is declared to be the purpose and intent of this Act to encourage the establishment of new industry and the construction of new buildings and structures in the Territory which bring new payrolls, new settlers and, consequently, new wealth to the Territory, and which will eventually add to the amount of taxable property in Alaska; and it is enacted for the purpose of authorizing classification of property for taxation. * * *" [Emphasis added.]
 
 
 41
 Before proceeding to a discussion of the effect of Chapter 33, S.L.A.1953, it is pertinent to note that subsequent to its passage the legislature amended the then existing statute empowering municipalities to tax for school and general purposes, increasing the authorized amount from 2% to 3%. This amendment, Chapter 121, S.L.A.1953, however, did no more than that. It retained all the prior exemptions of similar statutes, but not an exemption for associations operating utilities under arrangement with the Rural Electrification Administration.
 
 
 42
 The essence of appellee's contention is that the exemptions of the repealed § 6, Chapter 10, S.L.A.1949, were re-enacted, in toto, by Chapter 33, S.L.A. 1953. This conclusion is based on the reference to "Chapter 10" in the introduction to Chapter 33, to "Section 6" Chapter 10, in the first sentence of § 3 of Chapter 33, and to Chapter 10 in the last or "purpose" sentence of § 3 of Chapter 33.[20] What appellee fails to recognize, and the error we find in the court below, is that the references to Chapter 10 and to § 6 thereof contained in Chapter 33 are references to "classifications made and exemptions granted" under Chapter 10. The scope of exemptions provided by Chapter 33, S.L.A. 1953, is not as broad as appellee would have us find. The incorporation into Chapter 33 of exemptions allowed by Chapter 10 is limited to those arising from "classifications made and exemptions granted" pursuant to the latter statute. Which exemptions of § 6, Chapter 10, S.L.A.1949, so qualify?
 
 
 43
 §§ 6(a) through 6(g) exempt certain properties by mandate of the legislature — such property: "shall be exempt hereunder." Only § 6(h), the industrial incentive clause of Chapter 10, makes reference to the classifying of property for taxation or to the granting of exemptions. Chapter 33, S.L.A.1953, is, by its § 4 express purpose clause, similar to § 6(h) of Chapter 10, an industrial incentive provision. It is not a taxing statute; rather it authorizes local taxing units to classify certain properties and to grant exemptions thereto. It is a discretionary enabling act, just as was § 6(h) of the repealed Alaska Property Tax Act. Thus we believe it quite clear that the references in Chapter 33 to the repealed Chapter 10 and Chapter 10, § 6 are not to all the provisions of § 6, but only to those classifying property and granting exemptions — i. e., those contained in § 6(h), Chapter 10, S.L.A.1949. Such a construction of Chapter 33 makes consonant the purpose and intent of the entire act as stated by the legislature in § 4.
 
 
 44
 Finally, it is well to again point out that the same legislature which enacted Chapter 33 subsequently amended the taxing authority of municipalities, and thereby of school districts,[21] to raise the allowed rate from 2% to 3%. This statute, Chapter 121, S.L.A.1953, left unchanged the exemptions of the statute it amended.[22] Absent therefrom is any exemption which would pertain to the Chugach Electric Association. Chapter 121 is a specific school and municipal taxing statute. If Chapter 33 were interpreted to re-enact all the exemptions established by Chapter 10, S.L.A.1949, there would be both redundancy and inconsistency between the two pertinent 1953 statutes. Since Chapter 121 was passed within a few weeks of Chapter 33,[23] by the same legislative body, we find such an intended inconsistency and redundancy highly unlikely. The rule of construction which establishes a presumption against surrender of the taxing power precludes imputation of such inaccuracy to the territorial legislature.23a
 
 
 45
 Appellee does not claim to have established any new business nor to have constructed any new buildings, so as to qualify under the industrial incentive provisions of Chapter 33, S.L.A.1953. Rather, the Chugach Electric Association claims to be exempt from property taxation by the terms of a repealed statute which at first blush might appear to have been incorporated by reference into the statute now in force. Chapter 33, read in the light of its express terminology and stated purpose, cannot be so construed. Chapter 33 does no more than authorize taxing units of the Territory to grant industrial incentive exemptions and to classify property accordingly.
 
 
 46
 We conclude, therefore, that there is no statutory authority exempting the property of appellee from taxation by the City of Anchorage and the Anchorage Independent School District.
 
 III
 Appellee's Alternative Grounds
 
 47
 We find the alternative contentions of appellee equally without merit.
 
 
 48
 A. The Electric Association is not an agency of the United States Government simply by virtue of an "arrangement" with the Rural Electrification Administration pursuant to 7 U.S. C.A. §§ 901-915. The Rural Electrification Administration is the government agency. The associations to whom it provides funds and other assistance are not. By no concept or canon of construction can the recipient of federal aid in this situation be considered a "government instrumentality"[24] and therefore immune from local taxation under the supremacy clause of the Constitution, whereby the federal government protects the instrumentalities which it has constitutionally created.
 
 
 49
 B. The City of Anchorage includes within its corporate limits the Alaska Railroad Reserve.[25] It is not shown that the Railroad Reserve is "federal property" or under the exclusive jurisdiction of the federal government. Therefore the doctrine that property located upon federally owned land is immune from local taxation[26] is inapposite.
 
 
 50
 Accordingly, for the reasons set forth hereinabove, the decision of the District Court must be, and is Reversed, and the action remanded to the District Court for the District of Alaska for entry of an order reinstating the judgment and ordering the sale.
 
 
 
 Notes:
 
 
 [1]
 16-1-1 to 16-1-143, Alaska Compiled Laws Ann.1949
 
 
 [2]
 37-3-41 to 37-3-55, A.C.L.A.1949
 
 
 [3]
 Municipal corporations: 16-1-35(9), A.C.L.A.1949; Independent School Districts: 37-3-53, A.C.L.A.1949
 
 
 [4]
 See 16-1-121 to 16-1-129, A.C.L.A. 1949; 37-3-54, A.C.L.A.1949
 
 
 [5]
 28 U.S.C.A. §§ 1291, 1294
 
 
 [6]
 This is not the first time Ch. 10, S.L.A. 1949, the Alaska Property Tax Act, has been before this Court. In Hess v. Mullaney, 1954, 9 Cir., 213 F.2d 635, this Court held that the manner of collection authorized and the imperfect implementation of the tax imposed by Chapter 10 were not violative of the federal constitution. In the recent case of Territory of Alaska v. American Can Co., 1957, 9 Cir., 246 F.2d 493, it was determined that the special saving clause of Chapter 22, S.L.A.1953, which act repealed the Alaska Property Tax Act, overcame and made inapplicable the general saving clause, 19-1-1, A.C.L.A.1949
 
 
 [7]
 37 Stat. 514, now contained in Title 48 U.S.C.A
 
 
 [8]
 48 U.S.C.A. § 79
 
 
 [9]
 Id. § 44
 
 
 [10]
 § 627, A.C.L.A.1913
 
 
 [11]
 The 1913 Act authorized a tax of 2% and made exempt municipal property, property used exclusively for religious, educational and charitable purposes, and household furniture of the head of a family up to $200. The 1949 version of the 1913 Act, 16-1-35(9), A.C.L.A. 1949, left local taxing powers unchanged except to add the property of veterans organizations and monies on deposit to the list of property exempt from taxation. The latter had been added to the list of exemptions by various intervening amendments. See note 15, infra
 
 
 [12]
 § 4, Ch. 10, S.L.A.1949
 
 
 [13]
 48 U.S.C.A. §§ 44, 79
 
 
 [14]
 Which they were not! See Note 17, infra
 
 
 [15]
 The very earliest such statute was a 1904 congressional exercise of power, 33 Stat. 529. For similar legislative action by the Territory of Alaska see § 627, A.C.L.A.1913; Ch. 97, S.L.A.1923; Ch. 116, S.L.A.1929; Ch. 33, S.L.A.1931; § 2383, A.C.L.A.1933; Ch. 77, S.L.A.1935; 16-1-35(9), A.C.L.A.1949; 37-3-53, A.C. L.A.1949
 
 
 [16]
 Ch. 38, S.L.A.1949. This amendment gave municipalities the additional power to levy a consumers' sales tax
 
 
 [17]
 Ch. 121, S.L.A.1953, authorized the increase of local taxes from 2% to 3% pursuant to 48 U.S.C.A. § 44
 
 
 [18]
 As was pointed out in Hess v. Mullaney, supra, note 6, 213 F.2d at page 639, this was a form of reimbursement by the Territory to its local governmental subdivisions
 
 
 [19]
 The saving clause, § 2 of Ch. 22, S.L.A. 1953, is not pertinent here. See Territory of Alaska v. American Can Co., supra, note 6
 
 
 [20]
 The decision below found in favor of appellee's contention without discussion of Chapter 33: "In conclusion, I find no well-founded doubt in this case. The legislature has granted an exemption to cooperatives operating utilities under `arrangement' with the R.E.A."
 
 
 [21]
 See 37-3-53, A.C.L.A.1949
 
 
 [22]
 See note 11, supra
 
 
 [23]
 Ch. 33, S.L.A.1953, was approved March 16, 1953. Ch. 121, S.L.A.1953, was approved March 30, 1953
 23a. See United States v. Stewart, 1940, 311 U.S. 60, 71, 61 S.Ct. 102, 85 L.Ed. 40.
 
 
 [24]
 Cf. Federal Land Bank of St. Paul v. Bismarck Lumber Co., et al., 1941, 314 U.S. 95, 102, 62 S.Ct. 1, 86 L.Ed. 65
 
 
 [25]
 City of Anchorage v. Akers, D.C.D. Alaska, 1951, 100 F.Supp. 2
 
 
 [26]
 See City of Anchorage v. Akers, supra, note 25, and cases cited therein; James v. Dravo Contracting Co., 1937, 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155; Standard Oil Co. v. People of State of California, 1934, 291 U.S. 242, 54 S.Ct. 381, 78 L.Ed. 775